## BRANDT ELECTRIC, INC. v.
## COMMISSIONER OF TAXATION.

207 N. W. 2d 293.

April 27, 1973—No. 43739.

*Warren Spannaus,* Attorney General, and *Louis Plutzer* and *David McMillan,* Special Assistant Attorneys General, for relator.

*Willette & Kraft* and *DePaul Willette,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Olson, JJ.

OTIS, JUSTICE.

The commissioner of taxation seeks review of a decision of the Tax Court exempting from the sales tax material purchased by taxpayer, Brandt Electric, Inc., after the effective date of the act imposing the tax. The issue is whether a contract entered after the act imposing the sales tax was adopted, but before its effective date, confers exemption on material purchased after the effective date pursuant to such contract. We hold that material thus acquired does not enjoy exemption and reverse.

The Tax Reform and Relief Act of 1967, Ex. Sess. L. 1967, c. 32, by which the Minnesota sales tax was enacted, was adopted

over the governor's veto on June 1, 1967. Minn. St. 1967, § 297A.02, imposed an excise tax of 3 percent, now increased to 4 percent,[1] of the gross receipts of any person from sales at retail made in Minnesota after July 31, 1967. One of the obvious purposes of deferring the effective date was to prevent retroactive application of the tax to contracts already consummated and to permit contractors to anticipate the tax in figuring the amount of their bids. The adoption of the act was attended by extraordinary news coverage. It not only had great impact on the business world but stimulated unusual public concern because it held out promise of property tax relief. The governor's threat of veto, which ultimately occurred, was given much publicity. Accordingly, it is evident that contractors in the state not only had constructive notice of the adoption of the act but undoubtedly had actual notice.

On June 6, 1967, Brandt submitted a bid to furnish electrical work in the construction of the Redwood Falls Municipal Hospital. The bid was accepted and a contract entered on June 19, 1967. The purchases which are the subject of this litigation were made after the effective date of the act, August 1, 1967.

Brandt applied to the commissioner of taxation for an exemption on the purchase of materials in the amount of $71,485.36. The commissioner issued an order denying the exemption, indicating that purchases were exempt if made pursuant to contracts entered into before the act was passed but that rule did not apply to contracts entered after the act was adopted. Thereupon, Brandt appealed to the Tax Court, which reversed the commissioner. In an accompanying memorandum, the court stated that the question was whether the legislature intended "to allow vested rights to remain exempt until the effective date of the Act or whether such rights acquired after passage of the Act can be ignored." Because the legislature did not expressly deal with the issue, the Tax Court found an ambiguity which it held must be resolved in favor of the taxpayer.

---

[1] Ex. Sess. L. 1971, c. 31, art. I, § 2.

We have difficulty accepting either the premise that any rights in an exemption from the sales tax vested in taxpayer after the sales tax was adopted or that there is any ambiguity in the language of the act. As we have pointed out, taxpayer submitted its bid 5 days after the law was enacted and executed its contract some 18 days after its passage. In the absence of some express provision in the statute conferring a windfall on contractors who made bids and entered contracts between the time the law was passed and the time it became effective, we hold that no rights vested in an exemption from sales tax on materials purchased after the effective date. Taxpayer was in no way misled or prejudiced in preparing its bid since it had full knowledge of the impending tax, and, therefore, it was entitled to no exemption. No authority to the contrary has been cited, and we are aware of none.

Reversed.

