SHEILA MARIE PETERSON v.
ARTHUR ELWOOD PETERSON.

242 N. W. 2d 88.

May 7, 1976—No. 46138.

*Connolly & Heffernan* and *Thomas J. Barrett,* for appellant.
*Gilbert J. Schlagel,* for respondent.

ROGOSHESKE, JUSTICE.

This appeal from an order of the Family Court Division of the Ramsey County District Court changing custody of a minor daughter from the mother to the father concerns the proper role and function of the family court judge in determining a contested custody issue after a reference to a family court referee and objections to the referee's recommended findings and order. Two questions are specifically raised: Whether the family court judge may act upon the report of the referee and the objections thereto in the absence of a verbatim transcript of the oral testimony submitted to the referee; and whether findings of fact in support and explanation of both the referee's recommendation and the family court judge's determination should be required. Since we conclude that both the transcript and specific findings of fact are essential to the proper adjudication of child-custody motions

by a family court judge, and that the record here fails to demonstrate such a judicial determination, we reverse and remand.

After almost 13 years of marriage, the parties were divorced on March 11, 1971. Pursuant to a stipulation incorporated into the decree, custody of their son, Arthur, born March 3, 1959, and their daughter, Beth, born June 11, 1965, was given to the mother. The father agreed and was ordered to pay as support $12.50 per week per child and additionally to continue monthly payments of about $170 on the mortgage of the family home. The issue of alimony was reserved.

About 2 years later, on May 2, 1972, the mother moved to increase the support payments to $30 per week per child. The father, remarried on December 18, 1971, responded by a motion to amend the decree to grant him custody of the children. Both motions were referred for factfinding and recommendation to a referee by the family court judge. The referee had for his consideration, among other things:

(1) A custody investigation report of the Ramsey County Department of Court Services. The investigation was made pursuant to a stipulated reference May 16, 1972. The report, dated October 16, 1972, recommended that custody be retained in the mother and that support payments be increased to a total of $150 per month.

(2) Hospital records of three hospitalizations of the mother and a report of a psychiatric examination of the mother ordered December 15, 1972, in response to the father's motion. The records and the report, dated October 3, 1973, reflect the fact that the mother had suffered a period of emotional difficulties following the divorce.

(3) Oral testimony heard on February 1, and May 30, 1974, of 12 witnesses, including the mother and father.

(4) Oral arguments of counsel on August 23, 1974.

(5) An interview of the minor children conducted by him on November 1, 1974.

On May 19, 1975, the referee filed his report and recommenda-

tion in the form of findings, conclusions, and a proposed order amending the divorce decree to transfer custody of the daughter, now 10 years of age, to the father effective June 14, 1975. The proposed order recited as findings the historical facts of the parties' divorce, the custodial provisions of the decree, the father's remarriage, and only this finding concerning the disputed issue of custody:

"That there has been a change of circumstances which has occurred since the entry of the divorce Decree on March 11, 1971, in that defendant [father] has remarried and has established a stable home which is in the best interest of said minor children."

Upon these findings, the proposed order stated as conclusions it was "in the best interest" of the daughter only that her custody be changed to the father. The order then set forth the amendment to the decree and a formal denial of the parties' respective motions in all other respects.

On the same day the referee reported, his recommended findings and proposed order were apparently routinely approved by a Ramsey County District Court judge other than the family court judge. Although, as will later appear, no statute or rule of procedure authorizes such routine approval, presumably it was in keeping with an administrative practice designed to relieve the burden of the family court judge and to advance final disposition of those cases where no objections to the referee's proposed order are subsequently filed. The mother, however, pursuant to Rule 53.05(2), Rules of Civil Procedure, filed timely objections to the referee's recommended findings and order in support of her motion to set them aside. A transcript of the testimony before the referee was contemporaneously ordered. Before the transcript was in existence, the family court judge, after hearing arguments of counsel July 3, 1975, denied the motion July 11, 1975, and without making any reference to the findings of the referee or additional independent findings, determined

that "the Order Amending Decree dated May 19th, 1975, shall remain in full force and effect."

The mother contends that the referee's findings failed to specify sufficient facts to justify the conclusion and that because of the absence of the transcript she was not afforded an opportunity to establish the lack of an evidentiary basis for a change of custody. The father contends that the single finding concerning the father's remarriage is adequate to support the referee's recommendation and, acknowledging the absence of the transcript at the time the family court judge made the determination, that the Department of Court Services' report, the medical reports, and the referee's interview report supplied "sufficient evidentiary facts" to justify the family court's denial of the mother's challenge to the report and proposed order of the referee.

■   Essential to an understanding of our decision on the specific questions presented is an exposition of our view of the proper role and function of a family court referee and judge upon a reference of a contested custody motion. The critical problem concerns the extent to which a referee's findings are binding upon the family court judge. The governing statutes and rules are not clear and are susceptible of variant interpretation and application.

A Family Court Division of the District Court in both Ramsey and Hennepin Counties was created in 1967 by Minn. St. 484.64. The only reference to referees was in subd. 3 thereof, which authorized the use of "one or more referees and other personnel to assist" the family court judge.[1] Although we can find no rec-

---

[1] Minn. St. 484.64, as noted, created family court divisions of the district court in both the Second and Fourth Judicial Districts, i. e., Ramsey and Hennepin Counties. In 1971, the legislature removed Hennepin County from the section and enacted § 484.65, separately recreating a family court division in Hennepin County. That section, in addition to more specifically providing for the manner of appointment and qualification of referees, provides that upon a reference by the family court judge of any matter within the division's jurisdiction the

ord disclosing the legislative history prompting the creation of family courts in Ramsey and Hennepin Counties, we surmise that it was the legislature's response to repeated recommendations that judicial dealings with family problems be centralized in a specialized court presided over by judges equipped by training and experience to deal with the sociolegal problems unique to domestic relations and aided by specialized supporting services.[2] To implement the creation of the family court division, as authorized by § 484.34 and Rule 83, Rules of Civil Procedure, the Ramsey County District Court adopted special rules relating to the practice and procedure in the family court division. District Courts—Special Rules, Second Judicial District, Rule 17, 27B M.S.A., 1976 pocket part, p. 85. Rule 17, § 1.06, contemplates routine reference of custody hearings to a referee. In recognition that all situations are not covered by the special rules, and in keeping with the district court's authority to adopt rules not in conflict with statutes or the Rules of Civil Procedure, Rule 17, § 1.01, of the special rules provides that the Rules of Civil Procedure shall also apply "except where in conflict with applicable statutes."

---

referee shall hear, report, and recommend "findings of fact, conclusions of law, temporary and interim orders, and final orders for judgment." § 484.65, subd. 8(b). Subds. 9 and 10 provide that all such recommended order and findings "shall be subject to confirmation" by the family court judge, and upon a party's objection and a review hearing before the family court judge, the recommended findings and order become the findings and order of the family court only "when confirmed" by the family court judge.

[2] See, Waite, *Courts of Domestic Relations,* 5 Minn. L. Rev. 161; Waite, *Children of Divorce in Minnesota: Between the Millstones,* 32 Minn. L. Rev. 766; Note, 35 Minn. L. Rev. 168. See, also, A. B. A. Standards Relating to Court Organization (Approved Draft, 1974) § 1.11 and *Commentary,* p. 8. Minn. St. 487.27 provides that a family court division shall be established in the county courts of the state, which family courts are to be assisted by supporting services. Although referees are not specifically authorized, such authority may be granted by the legislature for the efficient administration of such divisions if the volume of family court litigation warrants.

In contrast to Minn. St. 484.64, subd. 3, expressing no more than an intention that referees may "assist" the family court judge, Rule 53, Rules of Civil Procedure, deals explicitly with the role and function of a referee. Rule 53.01 permits appointment of a referee only on a case-by-case basis, and Rule 53.02 cautions that a reference "shall be the exception and not the rule." Rule 53.02 also provides that in actions tried without a jury, "save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it." Manifestly, a conflict exists between these provisions and Special Rule 17 of the Ramsey County District Court which, pursuant to § 484.64, subd. 3, contemplates and permits routine reference of all matters within the jurisdiction of the family court division to family court referees. This conflict is significant because it relates directly to the central problem confronting us, which is the proper interpretation of Rule 53.05(2) which provides in part that "[i]n an action to be tried without a jury the court shall accept the referee's findings of fact unless clearly erroneous."

We have had only one occasion to address the application of this rule to custody matters in family court. In LaBelle v. LaBelle, 296 Minn. 173, 207 N. W. 2d 291 (1973), concerned with the question of change of custody, the family court judge, after taking some additional testimony and interviewing the child, rejected the no-change-in-custody recommendation of the referee and transferred custody from the mother to the father. In answering what appeared to be a makeweight argument of the mother, we said (296 Minn. 176, 207 N. W. 2d 293):

"Defendant argues that the trial court should be bound by the findings of the referee unless those findings are clearly erroneous. The Ramsey County Family Court referees are provided to assist the judge of the Family Court Division. Minn. St. 484.64, subd. 3. The trial judge must be completely free to exercise his judgment and discretion. For that reason we see no merit in defendant's contention."

We adhere to this statement. Enlarging upon it, however, we hold that all recommended findings and orders of a family court referee in custody matters are advisory only and possess no more than prima facie validity. The family court judge has the duty and retains the ultimate responsibility to make an informed and independent decision on the custody motion. Consistent with such duty and responsibility, the family court judge has, as Rule 53.05 (2) further provides, full authority to adopt the referee's recommended findings and order, modify them, reject them in whole or in part, recommit to the referee with instructions, or receive further evidence.

■ We reach these conclusions for several reasons. Proceedings in the family court which involve the routine use of referees must, we believe, be regarded as special statutory proceedings. Only those Rules of Civil Procedure which are not in conflict or inconsistent with the authorized use of referees in family court are intended to govern the pleading, practice, and procedure in that court. Rule 81.01.[3] Although § 484.64 does not contain a specific conflicting provision, beyond question the effective and efficient assistance of family court referees cannot be accomplished unless the family court by rule or practice has authority to refer any matter within its jurisdiction to a referee. The limitations imposed by Rules 53.01 and 53.02 are thus not only inconsistent with the unrestricted use of family court referees but would frustrate achieving the legislative purpose and objective in creating the family court division.

While not as easily demonstrable, for similar reasons the family court judge should not be required to "accept the referee's

---

[3] That Minn. St. 484.64 is not listed as an excepted statute in Appendix A of the rules is no doubt because the family court divisions were created in 1967 and our rules became effective in 1952. The list in Appendix A is, of course, not exclusive. State, by Clark, v. Robnan, Inc. 259 Minn. 88, 107 N. W. 2d 51 (1960). It may also be noted that c. 518, which contains the statutory provisions relating to marriage dissolution, including support and custody, is listed as an exception in Appendix A.

findings of fact unless clearly erroneous," as provided by Rule 53.05(2). The reason for this stringent requirement in the rule, it is said, stems from the limiting in Rule 53.02 of reference of court-tried actions, other than matters of account, only to cases where there is a showing that some exceptional circumstance requires it. 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 510. The necessity for and objective of a reference in an accounting or other exceptional case to a referee pursuant to Rule 53 is surely different from the regular reference of a family court matter to a family court referee.

Without in any way attempting an exhaustive analysis, the necessity for the routine use of family court referees is plainly the ever-increasing volume and complexity of domestic relations litigation. We take judicial notice of the impossibility of a single family court judge in a metropolitan area handling this burden without assistance. The statute creating the office of referee in the Ramsey County Family Court Division is devoid of evidence of any legislative intent other than that the family court be assisted by one or more referees. In enacting § 484.65, recreating - the family court division in Hennepin County, the legislature used language which is helpful in revealing the legislature's intent as to the effect of a referee's findings in family court. As previously noted in footnote 1, *supra*, that statute expressly mandates that a referee's recommended findings and orders "shall be subject to confirmation" by the family court district judge, and only "when confirmed" do they become the findings and order of the "court." To confirm is to make the recommended findings of such referee valid and effective by necessary approval. The use of "confirmation" in § 484.65 is consistent with the word "assist" in § 484.64, subd. 3, as "to confirm" presupposes the existence of recommended findings proposed by an assistant in a subordinate and secondary role. There is simply no statutory basis to accord recommended findings of a family court referee the same substantive legal status and effect as the find-

ings of a district court judge sitting without a jury.[4] Applying Rule 53.05(2) to require that the family court judge "shall accept the referee's findings of fact unless clearly erroneous" would conflict with the intended statutory role and duties of a family court referee. We are compelled therefore to conclude that only findings of a trial judge and a referee appointed pursuant to Rule 53 are to be governed by the "clearly erroneous" standard. Findings of a family court referee in custody matters are to be afforded only prima facie validity.

This conclusion and our holding that the family court judge has the duty and ultimate responsibility for making an informed final and independent decision in all matters of reference in no way is intended to lessen the important role and function performed by family court referees. The referee's recommended findings and order, especially where the parties object, will carry only such weight and persuasive force as their merits demand and the properly exercised discretion of the family court judge warrants. For it is the referee, from a point of view as neutral as that of the judge, who helps focus attention on the critical factual issues involved, the applicable legal principles, and the relevant portions of an often voluminous record which support his evaluation of the cumulative effect of the evidence and his recommended findings and order. This narrowing of the dispute cannot help but promote more efficient, careful decision making by the family court judge, for it enables both counsel for the parties and the judge to move directly to the decisive issues which find support in the record.[5]

---

[4] Rule 52.01 provides that a trial judge's findings may not be set aside on appeal unless "clearly erroneous." This rule has been construed to mean that a trial judge's findings may be held clearly erroneous notwithstanding evidence to support such findings if a reviewing court **on the entire record is left with the definite and firm** conviction that a mistake has been made. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972).

[5] The role and function of family court referees appear analogous to those of a United States magistrate. See Mathews v. Weber, 423 U. S. 261,

■ Moving to the specific questions raised in this case, we acknowledge our prior holdings that Rule 52.01 technically does not require written findings in support of an order to amend a divorce decree. Johnson v. Johnson, 304 Minn. 583, 232 N. W. 2d 204 (1975) ; Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. 2d 652 (1965). We have, however, admonished that the better practice is to make findings. Our experience in reviewing change-of-custody questions compels us to now hold that written findings and conclusions of law which constitute the grounds for decision on a motion to change custody shall be required of both the family court referee and family court judge. A motion seeking an order for change of custody is sui generis, unlike other motions contemplated by Rules 12 and 56. It invariably involves a decision based upon facts which must be determined by a resolution of conflicting testimony or inferences to be drawn from reports made by supporting family court personnel. Evidence relating to the character, habits, and personality of the parents and children, the quality of the relationships among them, and the growing needs of the children and their preferences is seldom, if ever, without dispute, and the inferences which may be drawn from such evidence are seldom compelled by it. Effective appellate review of these conflicting versions of facts can no more be assured without findings by the family court judge than the latter can discharge his ultimate and informed decision-making responsibility without recommended findings by the referee. Finally, it would be difficult if not impossible for this court to correctly apply the clearly erroneous standard in review-

96 S. Ct. 549, 46 L. ed. 2d 483 (1976), from which decision we have freely borrowed. It may be noted that a magistrate first rules on objections to his report before the matter referred is forwarded for decision to the district judge. Perhaps adopting these procedures would be an improvement in our rules and prompts our observation that, if recommended by the family court judges of Ramsey and Hennepin Counties, this court could request its Civil Rules Advisory Committee to promulgate amendments to Rule 53 and additional rules applicable to family court practice and procedure.

ing an order with respect to custody without findings constituting the basis for the order.

In this case, the findings of the referee are inadequate, and the record shows only that they were routinely approved by a district court judge. Further, it is not clear whether these findings were ever confirmed or adopted by the family court judge. We have held that a change in custody is to be granted only where there has been a significant change of circumstances from the time when the original or amended custody order was issued. Fish v. Fish, 280 Minn. 316, 159 N. W. 2d 271 (1968); Kiesow v. Kiesow, *supra*. To base a change of Beth's custody only upon a finding of remarriage and a stable home surely does not reveal the entire basis for the referee's recommended order. What additional facts support the conclusion that the best interests of Beth but not of Arthur required a change of custody are not stated.

■ Compounding the inadequacy of the findings is the family court judge's denial of the mother's motion to set aside the findings of the referee before a transcript of the testimony of numerous witnesses was in existence. While this may well have been merely an oversight on the judge's part,[6] it cannot be disputed that a fair review of the evidence adduced before the referee could not be undertaken without a transcript of the testimony of the many witnesses. Whether, absent the transcript of this testimony, the remaining record furnished all relevant and necessary facts to enable the judge to make an informed decision is at best questionable. Accordingly, we feel compelled to reverse and remand this matter to the family court for reconsideration and such further proceedings as it deems appropriate.

Restoration of custody of Beth to the mother pending such proceedings is not granted. While the transcript of the testimony was submitted as part of the record on this appeal, we decline to reach the merits, even though further delay unfortunately re-

---

[6] Defendant asserts that tapes of the oral testimony were available to the judge, but the order denying the mother's motion makes no reference of their use by the judge.

sults. To do so would frustrate the right of the parties, and in this case the right of the mother, to have the family court judge, upon adequate findings, reach an informed and independent decision on the merits of her case. The family court judge on remand is free to exercise his discretionary authority to adopt the referee's recommendations with such additions to the findings as are necessary, to modify them, to reject them in whole or in part, or to receive further evidence or to recommit with instructions. By remanding, we avoid the danger that any decision on the merits on this appeal would be misconstrued as a holding that decision on appellate review could occur despite an erroneous procedure and the absence of specific findings.

Reversed and remanded.