**Sandra Ann BEAUDET, Appellant,**

v.

**David Roy BEAUDET, Respondent.**

**No. 46966.**

Supreme Court of Minnesota.

Feb. 17, 1978.

Roger Wm. Kuehn, St. Paul, for appellant.

Meier, Kennedy & Quinn, William C. Meier, and Gordon W. Shumaker, St. Paul, for respondent.

Heard before PETERSON, YETKA, and IVERSON, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff, Sandra Ann Beaudet, was granted a default divorce from defendant, David Roy Beaudet, in January 1974. The judgment and decree granted custody of the minor children of the parties to plaintiff and incorporated provisions for property division, alimony, and support for the children which were contained in a written stipulation by the parties. In November 1974, plaintiff moved the district court to adjudge defendant in contempt for failure to pay alimony and support as therein provided; defendant responded with a countermotion to set aside the property division and alimony and support provisions of the divorce decree on the grounds of plaintiff's fraud in the procurement of the stipulation.

The district court referred the motions of the parties to a family court referee for hearing. After extensive evidentiary hearings, the referee proposed detailed findings, conclusions, and an order vacating the property division and alimony and support provisions on the grounds that the stipulation therefor had been procured by fraud.

The district judge thereafter adopted the referee's proposed findings, conclusions, and order. In an accompanying memorandum, the court stated in part:

> "This Court is of the opinion that a substantial opportunity was afforded both parties to bring before Referee Rutman such testimony as they wished to have him consider; that he is a competent person to make Findings of Fact, Conclusions of Law and Order based upon such testimony; that he has done so; and that this Court can see no reason why they should be vacated or rejected at this time. Therefore, this Court adopts such Findings of Fact, Conclusions of Law and Order and denies the plaintiff's motion."

The dispositive issue on plaintiff's appeal from the district court's order is whether the district judge made that "informed and independent" review of the referee's proposed findings, conclusions, and order in conformity with the mandate of *Peterson v. Peterson,* 308 Minn. 297, 304, 242 N.W.2d 88, 93 (1976). We hold that it did and affirm.

The district court's order and memorandum are not as full a statement of its reasons for approval of the referee's recommendations as the principles announced in *Peterson* contemplate for most cases. The circumstances of this case, however, are

different in two significant respects from *Peterson*. There, the referee's approved recommendation involved a change in child custody, a sensitive issue which we have consistently held requires particular care and consideration by the court; here, it involves only issues of the property and monetary affairs of the parties. There, the issue was a final determination on the merits; here, a matter heard upon default is simply opened for an adversary hearing on the merits.[1]

We conclude in the circumstances of this case that a remand to the district court would serve no purpose other than to admonish a district court to indicate even more clearly that it has made the requisite review of a referee's proposed findings, conclusions, and orders. The order of the district court accordingly should be affirmed.

Affirmed.

1. We conclude from our review of the record in this case that the underlying finding of fraud in the procurement of the stipulation was amply supported by the evidence.