Suzanne L. MYHERVOLD (Baxter),
Respondent,

v.

Thomas G. MYHERVOLD, Appellant.

No. 48503.

Supreme Court of Minnesota.

Nov. 3, 1978.

Douglas, Jaycox & Trawick and Daniel J. Goldberg, Edina, for appellant.

Meshbesher, Singer & Spence and John P. Clifford, Minneapolis, for respondent.

SHERAN, Chief Justice.

This is an appeal from an order of the Hennepin County District Court, Family Court Division, granting respondent custody of the parties' children. We affirm.

The parties to this action were married on November 19, 1966, and divorced on November 10, 1975. They have two children. At the time of the dissolution both parties were found to be fit and proper parents to have custody of the children, and appellant was awarded permanent custody of both children.

Since the dissolution both parties have remarried. Respondent is not employed outside the home. She and her current husband have one child of their own. Prior to his remarriage, appellant was engaged to three different women within a few months. Appellant and his current wife are both employed; as a result the children have been attending schools and/or day care programs on a full time year-round basis. At the time of the hearing, appellant's current wife had requested part-time employment. She has custody of three minor children from a previous marriage. In addition, since the dissolution the parties have experienced numerous visitation problems, and the relationship between the children and their maternal grandparents has deteriorated significantly.

These facts indicate a sufficient change in circumstances to justify amending a custody order as long as it is in the best interests of the children. Minn.St. 518.17, 518.18. The trial court based its decision on the visitation problems, the deteriorating relationship between the children and their maternal grandparents, and the fact that the children were being deprived of a normal childhood and family relationship because of the work schedule of appellant and his spouse. Although the trial court did not discuss each factor listed in Minn.St. 518.17, the basis of its decision is clear. Thus, the trial court did not abuse its discretion in awarding respondent custody of the children. See, *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 83, 249 N.W.2d 168, 172 (1976); *Peterson v. Peterson,* 308 Minn. 297, 308, 242 N.W.2d 88, 94 (1976); *Wallin v. Wallin,* 290 Minn. 261, 266, 187 N.W.2d 627, 631 (1971).

Affirmed.

TODD, J., took no part in the consideration or decision of this case.