**Judith A. McCARTHY, now Judith A. Mundt, Petitioner, Respondent,**

v.

**Robert J. McCARTHY, Appellant.**

**No. C9-83-206.**

Supreme Court of Minnesota.

Feb. 24, 1984.

Brian R. McCarthy, Duluth, for appellant.

Edward Lynch, South St. Paul, for respondent.

SIMONETT, Justice.

Appellant Robert McCarthy appeals that part of an order of the Ramsey County District Court refusing to reduce his monthly support obligation for his minor son. We affirm.

■ The only apparent reason for this appeal is that the district court, in considering the referee's recommended findings and order, stated that it was applying the clearly erroneous standard. The district court was aware of our decisions in *Peterson v. Peterson*, 308 Minn. 297, 242 N.W.2d 88 (1976), and *Berg v. Berg*, 309 Minn. 281, 244 N.W.2d 149 (1976), but said, "Except for custody cases, this Court intends to follow Rule 53.05(2) and to apply the clearly erroneous test until and unless the Supreme Court directs otherwise." We so direct. The conflict between Rule 53 and Minn.Stat. § 484.64, subd. 3 (1982), was resolved in *Peterson*, where we said, a "family court judge has the duty and ultimate responsibility for making an informed final and independent decision in *all* matters of reference." 308 Minn. at 306, 242 N.W.2d at 94 (emphasis added). In *Berg*, dealing with a property distribution, we said the *Peterson* holding extends to "other matters before the family court." *Berg*, 309 Minn. at 285, 244 N.W.2d at 151.

■ Appellant wants the court to remand the matter to the district court to decide, "free of the constraints" of the clearly erroneous standard, whether he must continue to pay $100 a month for his son's support. There is no merit to appellant's claim, and the district court's decision is correct. Nor is it clear that the district court ever did apply the clearly erroneous standard, notwithstanding its announced intention to do so. In his reply brief, appellant, in fact, says, "It should be made perfectly clear that it has never been Appellant's position that Judge Faricy failed to make an informed review of the evidence." We agree. It is difficult to understand why this appeal is here, and we write rather than summarily affirm only to again make the point that the *Peterson* holding applies to review of all family court referee matters. Costs in the amount of $400 are awarded to the respondent in this appeal.

Affirmed.