**In re the Marriage of: Keith Julius THOMPSON, Petitioner, Appellant,**

**v.**

**Eileen Carol THOMPSON, Respondent.**

**No. CX–85–1921.**

Court of Appeals of Minnesota.

April 15, 1986.

John P. Guzik, St. Paul, for appellant.

D. Patrick McCullough, St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

### OPINION

SEDGWICK, Judge.

Keith and Eileen Thompson's marriage was dissolved in 1981. In May 1985, a family court referee issued an order amending the original judgment and decree. A family court judge independently

reviewed the referee's findings and amended the referee's order.

Keith Thompson appeals, alleging error: in valuation of the homestead; failure of the trial court to take additional evidence of value of the homestead; and award of attorney fees to respondent.

Respondent Eileen Thompson filed a notice of review and argues that the reviewing judge should accept the referee's findings without independent review. She also argues that the valuation of the homestead is incorrect. We affirm.

### FACTS

By the terms of the original decree, the homestead was awarded to both parties as tenants in common. Appellant was awarded the right to occupy the homestead and respondent was awarded a lien of 50% of the net equity. Respondent's lien was to be satisfied upon appellant's remarriage or one of several other occurrences.

The parties owned some property in Arizona. This property was also awarded to both parties as tenants in common. Appellant was given a lien of 50% of the net equity. Respondent was given an option to purchase the Arizona property. She could exercise the option by satisfying appellant's lien.

Appellant remarried in March 1982. Respondent apparently did not learn of the marriage for some time, and thus did not realize that her lien had matured.

In April 1983, the parties agreed that appellant would quitclaim his interest in the Arizona property to respondent in exchange for a credit against the homestead of $27,193. The parties also agreed upon a new formula (different from the one in the original decree) for determining each party's interest in the homestead.

By the spring of 1985, the parties still had not finalized the settlement, each blaming the other for failure to complete the property division. In April 1985, appellant moved for an order compelling respondent to quitclaim her interest in the homestead subject to a lien of $3,667.75, and respondent moved for an order to sell the homestead.

In May 1985, an order prepared by a family court referee amending the original judgment and decree was entered. The order awarded the homestead to appellant, subject to respondent's lien of $30,825. The lien was to be satisfied immediately. The referee found that the fair market value of the homestead was $68,500. To determine the amount of respondent's lien, the referee applied the formula from the original decree and thus disregarded the later agreement.

Because the parties did not provide appraised values of the homestead, the referee determined the March 1982 fair market value by considering property tax statements and the parties' pretrial statements of value. The referee's order was signed and dated May 29, 1985. The order was signed by a district court judge the same day.

Appellant moved for review of the referee's findings. He argued that the referee's finding of fair market value was inflated and asked the court to consider additional evidence and affidavits. The court refused. Instead, it reviewed the evidence before the referee and also took judicial notice of the 1982 property tax valuation.

The court determined that the fair market value of the property was $47,377. The court considered the 1982 property tax valuation of $60,438 unreliable because the assessed value increased from $46,700 in 1979 to $60,438 in 1982, and then dropped to $40,000 in 1985. The 1979 and 1985 valuations were on-site valuations. The interim increases in value were made without viewing the property.

The court thought it more likely that the property steadily decreased in value from 1979 to 1985 than that it increased in value in 1982 and then sharply dropped in 1985. Thus, the court determined that the assessed value in 1982 was $43,350. The court went on to note that courts have taken judicial notice that property tax as-

sessments are 91.5% of actual value. It then applied this figure to arrive at its final determination that the March 1982 fair market value was $47,377. In the absence of appraisals, the trial court did not err in attempting to equalize the clearly inflated 1982 valuation.

The court also amended the referee's order by substituting the new formula agreed to by the parties for determining the amount of respondent's lien. Applying this formula, the court determined that the lien was valued at $10,043.75. The court confirmed the remainder of the referee's findings.

## ISSUES

1. Did the trial court err in reviewing the referee's findings de novo and in refusing to take additional evidence?

2. Did the trial court err in valuing the homestead and determining the amount of respondent's lien?

3. Was the award of $750 attorney fees an abuse of discretion?

## ANALYSIS

■ 1. Respondent argues that the court did not have the power to review the referee's findings de novo because they had already been signed by a district court judge. She argues that the findings should have been accepted unless clearly erroneous. *See* Minn.R.Civ.P. 53.05(2).

The roles of the referee and reviewing judge were discussed at length in *Peterson v. Peterson*, 308 Minn. 297, 242 N.W.2d 88 (1976). The supreme court stated that a referee's findings in custody cases are advisory only and have only prima facie validity, and that the family court judge has the ultimate responsibility of making an informed and independent decision. *Id.* at 304, 242 N.W.2d at 93. The court noted that the proviso of Rule 53.05(2), which requires the court to accept the referee's findings unless clearly erroneous, does not apply to the family court judge's review. *Peterson* was extended to family court

matters other than custody in *Berg v. Berg*, 309 Minn. 281, 244 N.W.2d 149 (1976).

Parties in family court matters are entitled to independent review by a family court judge. The court may adopt, modify, or reject the referee's report. Minn.R. Civ.P. 53.05(2). The judge who countersigned the referee's findings would not independently review the record without motion by a party. The type of review contemplated by *Peterson* and Rule 53.05(2) would only occur after a party noticed a hearing before the family court judge to review the evidence.

■ Appellant's argument that the trial court erred by refusing to consider his supplemental affidavits is without merit. Minn.R.Civ.P. 53.05(2) provides that the reviewing court *may* receive further evidence. Thus, the taking of additional evidence is within the court's discretion. There was no error.

■ 2. Both parties dispute the valuation of the homestead. Determinations of the fair market value are questions of fact and will not be set aside unless clearly erroneous. *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975) (citations omitted). The court here reviewed all of the evidence before it to arrive at a determination of fair market value. The court set forth its reasoning in detail in the order. The court's method is reasonable and the finding is not clearly erroneous.

The trial court's use of the parties' formula to determine the amount of respondent's lien reflects an adjustment for appellant's quitclaim deed to respondent for the Arizona property. There was no error.

■ 3. An award of attorney fees in dissolution cases should not be reversed unless the trial court abused its discretion. *Deliduka v. Deliduka*, 347 N.W.2d 52, 57 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. July 26, 1984). The trial court determined that appellant's failure to inform respondent of his remarriage necessitated her motion. The award of $750 attorney

fees to respondent was within the court's discretion.

### DECISION

Parties in family court matters are entitled to independent review of a referee's findings. The clearly erroneous standard does not apply to review of referees' findings, which are advisory only. It is within the court's discretion to accept or reject additional evidence.

The trial court's valuation of the homestead and determination of the amount of respondent's lien was not clearly erroneous.

The award of attorney fees to respondent was not an abuse of discretion.

Affirmed.