In re the Marriage of Cheryl J.
GUSTAFSON, Petitioner,
Respondent,

v.

Dale A. GUSTAFSON, Appellant.

No. C6–86–1134.

Court of Appeals of Minnesota.

Dec. 9, 1986.
Review Denied Jan. 21, 1987.

Kathleen M. Picotte-Newman and Jill I. Frieders, Larkin, Hoffman, Daly & Lindgren, Minneapolis, for respondent.

Joanne Thatcher Swanson, St. Paul, for appellant.

Considered and decided by WOZNIAK, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Dale Gustafson appeals an order and judgment amending a divorce decree providing for increased child support obligations. Dale contends that the trial court's findings and conclusions are not based on the evidence and that the modification does not comport with statutory standards for modification because his in-come has not changed substantially. We affirm.

## FACTS

Child support and spousal maintenance obligations under a dissolution decree of 1982 were based on the parties' 1980 income figures. Respondent Cheryl Gustafson's *net* annual income was approximately $5,113; appellant Dale Gustafson's *gross* annual income was approximately $49,791. Dale was required to pay $650 in monthly alimony and $150 in monthly child support until November 1987, when support for one child would cease. At that time Dale was to begin paying $400 per month in total child support for the two remaining minor children. The maintenance and support payments were designed to take advantage of certain tax provisions.

In late 1985, both parties sought modification of the decree. The family court referee found that Cheryl's monthly net income was $1,332 and that her monthly expenses totaled $2,800. Although records showed that over $86,000 had been deposited in Dale's bank accounts, the referee found that Dale had a *minimum* gross income of $66,500 and net monthly income of $5,000 in 1985 and monthly expenses, excluding support and maintenance payments, of approximately $5,000. The referee also found the children's needs had increased because of inflation. From all this, the referee concluded that there was a change in circumstances rendering the original decree unreasonable and unfair and requiring guideline monthly child support payments of $1,750. Crediting Dale with $650 for spousal maintenance, the referee ordered child support increased to $1,100 per month. The order subsequently was approved by the district court judge.

Dale requested amended findings or reconsideration of the referee's and district judge's orders arguing that although he had an estimated income of $66,500 in 1985, he had business expenses of $12,892. The referee reaffirmed the prior orders and the district court subsequently affirmed.

Dale filed a notice of review and a Hennepin County family court judge found that the referee's order of February 11 was "reasonable and proper under all the circumstances" and confirmed the order "in all respects." An amended judgment and decree was entered reflecting the changed support and maintenance obligations and Dale appeals.

## ISSUES

1. Did the trial court err by increasing Dale's child support obligations from $100 per month to $1,100 per month?

2. Did the trial court err by basing its conclusions on the referee's recommendations?

## ANALYSIS

We have stated that "[t]rial courts have broad discretion in determining child support, spousal maintenance, and division of property. If the determination has a reasonable and acceptable basis in fact, it must be affirmed." *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App.1984) (citing *DuBois v. DuBois,* 335 N.W.2d 503, 507 (Minn.1983)). *See* Minn.R.Civ.P. 52.01 ("Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.").

### 1. Trial Court Discretion

Decree support provisions may be modified—

> upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of [public] assistance * * *; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children * *.

Minn.Stat. § 518.64, subd. 2 (1984).

■ The referee's order complies with the supreme court's directives in *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986) and the statutory factors in Minn.Stat. § 518.-64, subd. 2. The court made express findings that there were changed circumstances and that the children's needs had changed, and it determined that an increase of support to $1,100 comported with the child support guidelines. This satisfied the statutory requirement that "support may be modified upon a showing of *one or more*" of four stated factors. *See* Minn. Stat. § 518.64, subd. 2 (emphasis added). Cheryl's monthly expenses of $2,810 and net income of $2,132, including Dale's $800 support and maintenance payments, demonstrated "substantially increased * * * need of a party," and the family court referee considered the "needs of the children" under Minn.Stat. § 518.551, subd. 5(a)(3) (1984) as required by *Moylan. See* 384 N.W.2d at 863–64.

■ The court's "determination has a reasonable and acceptable basis in fact." *Kirby,* 348 N.W.2d at 394. The trial court's increase in child support was based upon evidence in the record. The court had access to Cheryl's financial information which detailed her monthly living expenses, including specific amounts for the children's care as well as expenses related to the children's social and school-related activities. The court found that the increase comported with the support guidelines. We therefore affirm.

### 2. Review of Referees' Findings

Dale argues that he was not afforded an adequate opportunity to present evidence pertinent to the motions for support modification and that the trial court erred by failing to make "an independent and informed decision, based upon the evidence before the court." He contends he is entitled to a *de novo* review of the referee's findings and conclusions by a district court judge.

Trial courts have discretion to grant evidentiary hearings on support and limit the time for hearings. *See Peterson v. Peterson*, 365 N.W.2d 315, 319 (Minn.Ct. App.1985); *pet. for rev. denied*, (Minn. June 14, 1985); Minn.R.Civ.P. 43.05. A family court referee's recommended findings and orders are advisory only and the family court judge ultimately is responsible for making "an informed and independent decision." *Peterson v. Peterson*, 308 Minn. 297, 304, 242 N.W.2d 88, 93 (1976). However, "[t]he family court judge has, * * * full authority to adopt the referee's recommended findings and order, modify them, reject them in whole or in part, recommit to the referee with instructions, or receive further evidence." *Id.*

The family court judge reviewed both the referee's recommended findings and order of February 11 and her recommended findings and order of February 2, after the hearing on Dale's motion for reconsideration. In addition, the judge personally presided over an April 2 hearing for the purposes of reviewing the referee's findings and order. The family court judge ultimately found that the referee's February order was "reasonable and proper" under the circumstances "based upon the arguments of counsel and all of the files and proceedings herein." The trial court did not abuse its discretion by adopting the referee's recommended findings and order.

## DECISION

The trial court did not err by increasing Dale's monthly child support obligation or by adopting the referee's recommended findings and order.

The parties' respective motions for attorneys fees are denied. Appellant's motion for costs and disbursements is denied. Respondent's motion for costs and disbursements under Minn.R.Civ.App.P. 139.02 and 139.03 is granted, provided she serves and files a notice of taxation within fifteen days after the filing of this decision.

Affirmed.