Linda THOMAS, Petitioner,
Respondent,

v.

Gary FEY, Appellant.

No. C6–86–1862.

Court of Appeals of Minnesota.

May 12, 1987.

Thomas L. Johnson, Hennepin Co. Atty., Linda K. Jenny, Asst. Co. Atty., Minneapolis, for respondent.

Timothy J. Keane, Cortlen G. Cloutier, Cloutier & Musech, Minneapolis, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

The genesis of this case is a January 1985 default judgment adjudicating appellant Gary Fey as the father of respondent Linda Thomas' minor child. On November 4, 1985, this court upheld the judgment of paternity by default in *Thomas v. Fey*, 376 N.W.2d 266 (Minn.Ct.App.1985). Appellant's subsequent motions to vacate that judgment were denied.

In June 1986, appellant renewed his motion to vacate the default judgment and for a trial on the issue of paternity pursuant to Minn.R.Civ.P. 60.02(6), claiming that the adjudication of paternity was premised on incorrect information relative to his failure to comply with discovery requests. On August 6, 1986, a referee recommended denial of the motion as untimely, finding that the information relative to discovery was "newly discovered evidence" and thus subject to the one-year limitation of rule 60.02. Appellant moved for review of the referee's August 6 recommended order on August 25, 1986. On October 1, 1986, the trial court dismissed the motion for review with prejudice, finding it untimely under Minn. Stat. § 484.65, subd. 9 (1986). Appeal is taken from the October 1 order. We reverse and remand.[1]

## FACTS

Appellant moved to review the referee's August 6 recommended order on August 25, 1986. On September 17, 1986, the county moved to dismiss the motion as untimely pursuant to Minn.Stat. § 484.65, subd. 9 (1986), which provides that review of a referee's decision must be brought "within ten days of effective notice." A hearing on the matter was held September 23, 1986.

At the hearing, appellant argued that he did not receive notice of the recommended order from the clerk's office until August 15, 1986, the date a mailed copy of the order was delivered to his attorney's office. Appellant's attorney could not substantiate

this as the date of receipt because his office did not stamp the August 6 order when received. The county attorney acknowledged that he sent a letter to appellant's attorney on August 15, 1986, notifying him that the recommended order was filed. This letter was stamped as received on August 18, 1986.

Respondent argued that, pursuant to section 484.65, subd. 9, appellant received "effective notice" of the recommended order on August 11, 1986, based on an actual mailing date of August 7, 1986 plus three working days pursuant to Minn.R.Civ.P. 6.05. Under respondent's analysis, the 10-day review period commenced on August 11, 1986 and ended August 21, 1986.

In support of her claim that notice of the recommended order was mailed to appellant on August 7, 1986, respondent called the trial court's attention to the handwritten notation "8-7-86 il" on the last page of the order following the typed phrase "Copies of this Order shall be mailed to counsel who shall see that their clients are properly served." Although the initials "il" were not identified at the time, the trial court concluded that the notation signified the "initials * * * of the person who mailed [the order] on August 7, 1986." The trial court also noted that the first page of the August 6 order was stamped as filed on the following Monday, August 11, at 9:14 a.m. by the Hennepin County district court administrator.

In its October 1, 1986 order dismissing appellant's motion as untimely under section 484.65, subd. 9, the trial court found that beyond the assertion of his attorney that the 10-day review period was "closely monitored," appellant "offered no * * * evidence substantiating his allegation that, in effect, he did not have effective notice of the Order until August 15, 1986." The trial court determined that appellant received "effective notice" of the order on August 11, 1986, three days (excluding Sunday) after service by mail pursuant to

1. In a December 1986 order, this court restricted the issues raised in this appeal to whether the trial court erred in dismissing appellant's motion for review of the referee's recommended order as untimely. Accordingly, issues relative to entry of the default judgment will not be considered.

rule 6.05. Therefore, the last day of the prescribed 10–day period was August 21.

Three weeks after notice of appeal was filed, respondent submitted a November 18, 1986 affidavit by the referee's clerk. In the affidavit, the clerk acknowledged that she made the notation "8–7–86 il" on the August 6 order and explained that "this dating and initialling notation is the manner in which I routinely note the date an Order is mailed on [the referee's] Orders."

## ISSUE

Did the trial court err in dismissing appellant's motion to review the referee's recommended order as untimely pursuant to Minn.Stat. § 484.65, subd. 9 (1986)?

## ANALYSIS

Section 484.65, subd. 9 provides in pertinent part:

All recommended orders and findings of a referee shall be subject to confirmation by said district court judge. *Review of any recommended order or finding of a referee by the district court judge may be had by notice served and filed within ten days of effective notice* of such recommended order or finding.

Minn.Stat. § 484.65, subd. 9 (1986) (emphasis supplied). Minn.R.Civ.P. 6.05 provides:

Whenever a party has the right or *is required to do some act or take some proceeding within a prescribed period after the service of a notice* or other paper upon him, or whenever such service is required to be made a prescribed period before a specified event, *and the notice or paper is served by mail, three days shall be added to the prescribed period.*

*Id.* (emphasis supplied). The party aggrieved by a referee's recommended order is obligated to file a timely notice of review under section 484.65, subd. 9, or jurisdiction is lost. *Koponen v. Koponen,* 352 N.W.2d 834, 835 (Minn.Ct.App.1984). The focal issue here is when the 10–day review period commenced. In short, did the trial court err in determining that appellant received effective notice on August 11, 1986? We hold that it did.

Resolution of this case is dependent on our response to two questions. First, what constitutes "effective notice" under section 484.65, subd. 9? Second, who bears the burden of proving the date of actual mailing and was that burden met here?

*Effective Notice*

To our knowledge, no case has precisely defined the meaning of the phrase "effective notice" under section 484.65, subd. 9. Had this case dealt with the timeliness of an appeal from a trial court's order or the timeliness of a post-trial motion, it is clear that our reference point would be the date written notice of filing of the order was served by one of the parties, not the date of mailing by a deputy clerk of court. *See* Minn.R.Civ.App.P. 104.01 (written notice by *adverse* party triggers 30–day filing period for appeals from a trial court's order). *Compare* Minn.R.Civ.P. 59.03 (written notice of filing of a trial court's order or decision by *either* party commences 15–day period for making new trial motions). *See also Rieman v. Joubert,* 376 N.W.2d 681, 684 (Minn.1985).

However, we are not confronted with that particular procedure. Rather, we are faced with the timeliness of a motion to review a family court referee's *recommended* order. The Minnesota Supreme Court has clearly differentiated between a trial court's findings and a referee's findings:

There is simply no statutory basis to accord recommended findings of a family court referee the same substantive legal status and effect as the findings of a district court judge sitting without a jury.

*Peterson v. Peterson,* 308 Minn. 297, 305–06, 242 N.W.2d 88, 94 (1976) (footnote omitted) (family court referee's recommended findings and orders in custody matters are advisory only and possess no more than prima facie validity). *See Berg v. Berg,* 309 Minn. 281, 284–85, 244 N.W.2d 149, 151 (1976) (*Peterson* reasoning in custody cases applies equally to other matters before the family court). *See also McCarthy v. McCarthy,* 344 N.W.2d 414, 415 (Minn.

1984); *Beaudet v. Beaudet*, 263 N.W.2d 425, 426–27 (Minn.1978); *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 79–80, 249 N.W.2d 168, 170 (1976).

In view of this well-founded distinction, we are not bound by rules pertaining to a clerk's notice of filing of a trial court's order or decision and the resulting impact on the timeliness of a party's appeal. *See* Minn.R.Civ.P. 77.04 (clerk's notice of filing of an order, decision or entry of judgment upon all parties affected or their attorneys of record *"shall not limit the time* for taking an appeal or other proceeding on such order, decision or judgment") (emphasis supplied). Indeed, a motion to review a recommended order pursuant to section 484.65, subd. 9 is aptly viewed as a lateral appeal because a family court referee's decision is not final.

█ In Hennepin County family court, it is accepted practice under this statute and through incorporation of rule 6.05 that notice of a referee's order becomes effective notice three working days after the order is actually mailed by a family court clerk to the parties or an attorney of record. Mindful of this accepted procedure, we hold that a party is deemed to have effective notice of a referee's recommended order under section 484.65, subd. 9 three working days after the date on which the order is actually mailed either by a party or by the family court clerk.

### Burden of Proof

The trial court found that notice of the recommended order was actually mailed to appellant's attorney on August 7, 1986, resulting in effective notice on August 11. It is unclear from the trial court's findings whether it believed appellant had the burden of proving the date of actual mailing and failed to meet this burden or whether appellant failed to rebut the county's evidence that notice of the recommended order was actually mailed on August 7, 1986. Under either analysis, we must reverse. Here, the county had the initial burden of proving the actual date of mailing and that burden was not met.

It is well-established that a presumption of receipt by an addressee is created when the sender demonstrates proper mailing of the document through evidence of habit or custom coupled with some evidence that these procedures were complied with in the particular instance. *See Nafstad v. Merchant*, 303 Minn. 569, 570–71, 228 N.W.2d 548, 550 (1975). The presumption is rebuttable by a showing that the document was not, in fact, received. *See Outcault Advertising Co. v. Farmers & Merchants State Bank*, 151 Minn. 500, 187 N.W. 514 (1922).

No presumption exists with regard to the particular time of receipt, however, in absence of evidence as to timing or frequency of mail in the particular area. *See Nafstad*, 303 Minn. at 572, 228 N.W.2d at 551 (court could take judicial notice of approximate mailing time in Twin Cities metropolitan area).

Here, the only evidence before the trial court to substantiate the county's claim that the order was actually mailed on August 7 was the handwritten notation "8–7–86 il" following the typed sentence that "Copies of this Order shall be mailed to counsel who shall see that their clients are properly served." Significantly, at the time of the hearing the author of this notation was not identified by the county. The trial court apparently assumed, without evidence of custom or habit, that the notation represented the date the order was actually mailed by the referee's clerk.

This evidence was inadequate to create a presumption of receipt by appellant in due course of mail. In fact, the county did not come forward with the clerk's affidavit, evidence which would have met its burden, until November 18, 1986, a month and a half after the trial court dismissed the action and three weeks after notice of appeal. As a result, this key affidavit is not part of the record on appeal and may not be considered. *See* Minn.R.Civ.App.P. 110.01.

█ To reiterate, the party who seeks to prove receipt of a referee's recommended order carries the initial burden of proving the date of actual mailing. Once this burden is established, a presumption of receipt is created and, pursuant to rule 6.05, effec-

tive notice under section 484.65, subd. 9 is deemed to be received three working days after the date of actual mailing. Assuming this initial burden has been satisfied, the burden of going forward then shifts to the responding party to prove that his or her motion for review of the referee's recommended order or findings was made in a timely fashion.

■ Although it appears that the trial court did address the merits of the referee's recommended decision to deny appellant's motion to vacate the paternity judgment under rule 60.02, this court expressly limited the issues on appeal to whether the trial court erred in dismissing the action pursuant to section 484.65, subd. 9. Therefore, we reverse and remand for a hearing on the merits of the referee's recommended decision to deny the motion to vacate.

Whether the trial court ultimately reaffirms the referee's recommended denial of appellant's motion to vacate the paternity judgment is not for us to decide on this appeal. While the result in this case may be viewed as unfortunate given its tortured procedural history, we do not believe an affirmance is warranted under the facts. The county's burden of proving the date of actual mailing of the referee's recommended order was minimal. Appellant also bears responsibility for what the parties aptly entitle a "marathon case." The record is replete with a history of delays, continuances and appellant's failure to appear at scheduled hearings. At some point, litigation over ultimate responsibility for the minor child must end. The interests of the child dictate no less.

**DECISION**

Reversed and remanded.