**Patricia M. CASE, Petitioner, Appellant,**

v.

**Roger J. CASE, Respondent.**

**No. C1–93–2288.**

Court of Appeals of Minnesota.

May 24, 1994.

Michael L. Perlman, Perlman Law Office, St. Louis Park, for appellant.

Robert A. Fleagle, Minnetonka, for respondent.

Considered and decided by NORTON, P.J., and HUSPENI and MULALLY,* JJ.

## OPINION

NORTON, Judge.

Appellant contends the district court abused its discretion when it did not require respondent, under the parties' dissolution decree, to pay one-half of the private investigator's fees spent to locate their runaway daughter. The definition of "medical expenses" is not so broad so as to extend to these expenses. We affirm.

## FACTS

Upon dissolution, respondent Roger Case received custody of the parties' eldest daughter, J.C. After a year, J.C. requested a transfer of custody to appellant Patricia Case, who already had custody of the parties' younger daughter.

During her freshman year of high school, J.C. began exhibiting behavioral problems at school and at home. In September 1991,

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

J.C. ran away from home. The police found her in Minneapolis and took her to the Bridge, a shelter for runaways. J.C. remained there for approximately five days. Three weeks later, J.C. ran away again. Although J.C. met with appellant and a counselor at the Bridge, she refused to go home and abide by appellant's house rules. When J.C. left the Bridge that day, she ceased contact with appellant.

During the next two weeks, appellant worked with school counselors, a Bridge counselor, Lutheran Social Services, and the Park Nicollet Medical Center Mental Health Department. Appellant states that the counselors concluded that J.C. was depressed and her safety and welfare were in jeopardy. Up until this point, appellant had not informed respondent that J.C. had run away. One of the Minnetonka High School counselors informed respondent that J.C. was missing.

Although J.C. never contacted her parents, she did call two friends from school and tell them about prostitution, parties in the warehouse district in Minneapolis, and the use of crack and marijuana. After hearing about these conversations, a Bridge counselor suggested that appellant hire a private detective to find J.C. They were concerned that J.C. was in great danger. Appellant hired Veins Investigation to search for J.C. Appellant made this decision without consulting respondent. The record does not contain specific details about what the private detective did, but he located J.C. the next day. The investigator charged appellant $1,219.48 for his services.

Under the dissolution decree, respondent pays 65% of uninsured medical expenses and appellant pays 35%. Contending that the investigation fee was a "medical expense," appellant approached respondent about splitting the cost 50–50. When he refused, she brought this motion in family court.

The referee ordered respondent to pay 50% of the fees. Upon review, the district court found the referee's order regarding reimbursement of fees to be unsupported by the law and the evidence. The district court also found that the record lacked any evidence to support the referee's award of attorney fees to appellant. Thus, the district court reversed the referee and denied appellant's motion for reimbursement and attorney fees.

## ISSUES

1. Did the district court err when it concluded that a private investigator's fees for finding the parties' daughter did not constitute "medical expenses" which the parties agreed to share in the dissolution decree?

2. Did the district court abuse its discretion in denying appellant's motion for attorney fees?

3. Is respondent entitled to costs, disbursements, and attorney fees on appeal?

## ANALYSIS

### 1. Medical Expenses

Appellant contends the private investigator's fee was necessary to protect the health and welfare of J.C. and, thus, was a "medical expense" which respondent should share. We cannot agree.

The parties' dissolution decree provides:

On all matters of importance relating to the health, welfare or education of the minor children, the parties shall confer with a view toward a mutually acceptable determination of the issue. By way of example, but not limited to, the following:

(1) In the event of the illness of or injury to a minor child of the parties, the party first learning of such illness or injury shall notify the other party immediately.

\*    \*    \*    \*    \*    \*

(3) Each party shall promptly inform and consult with the other in the event of any serious medical problem with a minor child of the parties.

When the referee considered this case, she defined the term "medical" to include:

Orthodontia, psychological, eye care, all physical and emotional-related expenses and other such services as recommended by the providers of services to the minor children.

The referee set out this definition for purposes of considering appellant's motion for

other medical expenses in addition to her request for reimbursement of the private investigation fees. The referee found:

> [Appellant's] Affidavit describes in detail the efforts she made to find the child prior to taking the step to incur an expense to locate her. Under the circumstances, [appellant] acted in good faith in a frightening emergency. Whether or not [appellant] notified [respondent] prior to hiring the detective is not as important as the fact that she believed it was necessary to protect the child's safety. It is the custodial parent's obligation to take reasonable steps to insure a child's safety and welfare. Based upon the circumstances, it is reasonable for [respondent] to contribute to this expense.

These recommended findings are advisory only; the family court judge bears the ultimate responsibility to make an "informed and independent decision." *Gustafson v. Gustafson*, 396 N.W.2d 911, 914 (Minn.App. 1986) (quoting *Peterson v. Peterson*, 308 Minn. 297, 304, 242 N.W.2d 88, 93 (1976)), *pet. for rev. denied* (Minn. Jan. 21, 1987). The appellate court is bound to the district court's findings of fact and will reverse only if the findings are clearly erroneous. *Warwick v. Warwick*, 438 N.W.2d 673, 676 (Minn. App.1989); Minn.R.Civ.P. 52.01.

Upon independent review of this case, the district court determined that the referee's finding

> is not supported by law or the evidence to the extent that it finds that Respondent should be compelled to pay a portion of the expense that [Appellant] incurred to hire a private detective to locate the parties' minor child [J.C.].

We agree with the district court's analysis. The referee's broad definition of medical expenses is based neither upon the parties' agreement nor the statute that defines medical expenses in dissolutions. *See* Minn.Stat. § 518.171, subd. 1(c) (Supp.1993). Although the statutory definition of medical and dental expenses includes orthodontia and eyecare, the statute makes no mention of "physical and emotional-related expenses and other such services as recommended" by the child's care providers, as the referee stated. *Id.* The referee's definition lacked a legal basis.

We acknowledge that counseling services, therapy, and hospitalization for depression could arguably be "medical expenses" that, in this case, may have been necessary for J.C.'s health and welfare. Given that the statute limits the definition of medical expenses to the realm of health care, however, we would consider it improper to expand that definition to services completely outside the health care arena. Such a broad definition would lead to excessive ramifications. Undoubtedly, such an expanded definition would lead to further litigation in order to determine, on a case-by-case basis, which other expenses were necessary to protect the health and welfare of a child and, thus, constituted "medical expenses." Any such expansion of the definition of medical expenses is inappropriate for this court. *See Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn.App.1987) ("the task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court"), *pet. for rev. denied* (Minn. Dec. 18, 1987).

Respondent disclaims liability for the investigator's fees because appellant never discussed the option or need for the services with him. We recognize that discussion was a necessary first step to the parties sharing costs. Their lack of discussion is not dispositive here, however, because the expenses were not of the nature that respondent was legally bound to pay. While respondent may have had a moral obligation to contribute to the expenses that returned his daughter to safety, he had no legal duty to contribute to expenses outside of the statutory definition of "medical expenses." The trial court properly denied appellant's motion for reimbursement.

**2. Attorney Fees in District Court**

Appellant contends the district court erred in reversing the referee's award and denying appellant's request for attorney fees. The award of attorney fees rests within the discretion of the district court; we will not reverse absent an abuse of discretion. *Bliss v. Bliss*, 493 N.W.2d 583, 589 (Minn. App.1992), *pet. for rev. denied* (Minn. Feb.

12, 1993). By statute, the court shall award attorney fees, costs and disbursements to enable a party to proceed, provided that the court finds:

> (1) that the fees are necessary for the good-faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding;

> (2) that the party from whom fees, costs, and disbursements are sought has the means to pay them; and

> (3) that the party to whom fees, costs, and disbursements are awarded does not have the means to pay them.

Minn.Stat. § 518.14 (1992).

The district court found that appellant failed to present sufficient evidence of her financial need to justify a fee award. In her affidavit to the district court, appellant did not include any specific financial data that would have enabled the court to consider her ability to afford legal fees. She stated:

> I am living on a very limited income and I do not have the financial ability to incur legal expenses which, in my opinion, would have been avoided with some reasonable cooperation from [respondent].

Appellant may not now complain that the district court denied her motion when she failed to provide adequate documentation to support the relief requested. *See Tuthill v. Tuthill,* 399 N.W.2d 230, 232 (Minn.App. 1987). The district court did not abuse its discretion when it reversed the referee and denied appellant's request for attorney fees.

**3. Attorney Fees on Appeal**

■■ Respondent seeks fees on appeal, contending that appellant's claims are frivolous and in bad faith. In such circumstances, fees are warranted under either Minn.Stat. §§ 518.14 or 549.21 (1992). An award of attorney fees on appeal rests within the discretion of this court. *Roehrdanz v. Roehrdanz,* 438 N.W.2d 687, 691 (Minn.App.1989), *pet. for rev. denied* (Minn. June 21, 1989).

Although respondent feels strongly that appellant has acted in bad faith, the record does not mandate that conclusion. Appellant is simply seeking some assistance in paying a debt she incurred to locate her daughter. In effect, she requests the court to reinstate the broad definition of the term "medical expense" which the referee set out in its initial decision of the case. Her plea is not completely unfounded; the fact that we cannot agree does not dictate a finding of bad faith or a determination that her appeal is frivolous.

### DECISION

Minnesota law does not allow the definition of "medical expenses" to include private investigator's fees. The district court properly reversed the referee and denied appellant's motion for contribution on those expenses. Similarly, the district court did not abuse its discretion when it reversed the referee and denied appellant's motion for attorney fees because she had failed to present any evidence regarding her financial need. This appeal does not warrant an award of attorney fees.

**Affirmed.**