WILLIAM V. KAY, Appellant, *vs.* ANNA VISCHERS and WILLIAM COLTER, Respondents.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

In "proceedings supplementary to the execution," under the provisions of *section* 122 *chap.* 61 *Com. Stat.*, 574, the judgment creditor, on the return of an execution unsatisfied, in whole or in part, is entitled to an order requiring the judgment debtor to appear and answer concerning his property, without establishing any additional fact.

Points and authorities for Appellant.

I.—In the moving papers upon this application in supplementary proceedings, the Appellant had complied with all the conditions by law required, and was clearly entitled to the order prayed for. *Comp. Stats.*, sec. 121, *p.* 574, *and sec.* 129, *p.* 575.

II.—Proceedings under these sections may be taken as soon as the execution is returned, whether before or after the expiration of sixty days from the issuing of the execution. 1 *Code Reps.*, 106, 107; 2 *Sand.*, 679; 3*d Code Reps.*, 205; 15 *How. Prac.*, 396; 10 *Abbott's Prac. Reps*, 426; *Ib.*, 461; 9 *Ib.*, 180; 9 *Wend.*, 560.

III.—It is not necessary to state in the affidavit for such an order that the Defendant has property. 8 *How Prac.*, 165; 1 *Code Reps.*, *N. S.*, 113 *and* 232.

MORRIS LAMPREY, Counsel for Appellant.

LORENZO ALLIS, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—This is a proceeding supple-

Kay v. Vischers et al.

mentary to execution, under the provisions of *sec.* 122, *chap.* 61, *Comp. Stat.*, 574.   The Plaintiff having obtained judgment and issued an execution against the property of the Defendants, which was returned by the sheriff unsatisfied in part, applied to the judge for an order, requiring one of the Defendants to appear and answer concerning her property.   This order the judge refused to grant and the Plaintiff appealed.

The ground upon which the Court based this refusal, as appears from the opinion on file, was that the Plaintiff did not show that the Defendant had property subject to execution, or some fact showing that such examination would probably result in the discovery of property.   The reasons urged for this interpretation or construction, might be of great force, if addressed to the Legislature, to procure a change in the law ; but we must take the section as we find it, and can neither add to nor take from its terms or provisions without trenching upon the functions of the legislative department.

The section unequivocally declares that whenever an execution against the property of any judgment debtor shall have been issued to the sheriff of the proper county, and by him returned unsatisfied in whole or in part, the judgment creditor shall thereupon *be entitled* to an order from the judge requiring such judgment debtor to appear and answer concerning his property.   And the statute being thus explicit in specifying the facts entitling the party to the order, or the terms upon which it shall be granted, the courts have no right to insist upon additional facts or to impose other or further terms.   It might, in order to guard against fraudulent collusion with the officer, and prevent unnecessary annoyance to debtors who are not disposed to keep their property out of reach of an execution, be very desirable that the creditor should first show that his debtor has property subject to execution, which the officer is unable to reach by the ordinary means.   But the statute does not make it necessary to the issuing of the order under consideration.   Besides, these are matters which will be taken into account on the examination, should the party ask for a further order directing the property to be applied in satisfaction

of the judgment under the provisions of *section* 129 of the same chapter. The main object of the order for the debtor to answer concerning his property, is to ascertain whether he has anything not exempt from execution which the officer has failed to find; and the order would be wholly unnecessary for that purpose if the creditor already knew, and was able to show, that his debtor had such property. It is true, as the Court below intimates, that this, in one sense, is a mere fishing operation, which might be deemed harsh and unwise. But so the law is written, and the advocates of the policy would, no doubt, insist that there is no great hardship in it, inasmuch as the debtor is really charged with nothing improper, and the examination, if it results in finding no property, is an injury to no one, while if property is thus brought to light, the propriety of the order is fully vindicated.

We repeat that, in our opinion, the object of the section (122,) is the discovery of property, rather than to learn what may have been done with property known to have existed, and whether any further order will be made on the examination of the party will depend upon the facts and circumstances attending each particular case. If such debtor should prove to have property in his own hands which he unjustly refuses to apply on the judgment; or, if he shall have endeavored to keep his property out of the hands of the officer having the execution, the judge under the provisions of *section* 129 of the chapter, would be justified in ordering it to be applied on the judgment, but unless some such, or other facts appear, making it necessary to pursue other than the ordinary course, the judge would probably leave the party to the ordinary remedy, by another execution; for he has a discretion as to the order provided for by the section last referred to (129,) which he does not appear to have in regard to the order mentioned in *section* 122.

The conclusion arrived at is, that when an execution issued against the property of a judgment debtor, and directed to the sheriff of the proper county, is returned by said officer unsatisfied in whole or in part, the judgment creditor is entitled to an order requiring the judgment debtor to answer concerning his property,

upon that fact alone, and cannot legally be required to establish any other, as a condition upon which said order may be obtained. This is in accordance with the plain reading of the law, and the decisions of the courts of the State of New York, where they have a similar statute.    Indeed it is freely admitted that the construction insisted on by the Court below is not only opposed to the letter of the law, but at variance with the current of decisions of the courts of New York.

It follows, therefore, that the order appealed from, in so far as it refused the judgment creditor an order requiring the said judgment debtor to answer concerning her property, is reversed.

The order appealed from is reversed.