ROBERT CHRISTENSEN *vs.* P. J. TOSTEVIN.

Submitted on briefs Oct. 4, 1892.   Decided Oct. 31, 1892.

**Appealable Orders.**

An order upon disclosure in proceedings supplementary to execution, directing the payment of money by the judgment debtor, is appealable.

**Supplementary Proceedings—Order to Pay Over Money.**

Upon disclosure in such proceedings, it appearing, without contradiction, that the judgment debtor acquired a specific sum of money *after* the service of the order of disclosure, but that he had paid it out again before the disclosure, *held*, that an order upon such disclosure, requiring the debtor to pay that sum of money towards the satisfaction of the judgment, was not justified.

Appeal by defendant P. J. Tostevin, from an order of the District Court of Hennepin County, *Lochren*, J., made April 18, 1892, ordering him to pay over $60.00 disclosed in proceedings supplementary to execution.

The plaintiff, Robert Christensen, recovered judgment against the defendant, and a writ of execution was returned unsatisfied. The defendant was then examined in proceedings supplementary to execution and testified that he had received since the order was served upon him, $60 in money, but that he had used the same to pay living expenses. On this disclosure, plaintiff moved for an order requiring defendant to pay over this money. The motion was granted, and defendant appeals.

*Savage & Purdy*, for appellant.

*G. Ellis Tuttle*, for respondent.

DICKINSON, J.   An order in statutory proceedings supplementary to execution, (1878 G. S. ch. 66, tit. 24,) directing the payment of money by the judgment debtor, is appealable, it being "a final order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment." 1878 G. S. ch. 86, § 8, subsec. 6.

In the proceedings here reviewed a judgment debtor, this appellant, was on the 19th of March served with an order requiring him

to make disclosure before a referee concerning his property on the 31st of that month. · This order, as is usual in such proceedings, forbade the debtor from transferring or disposing of any of his property not exempt from execution. On the disclosure made, pursuant to this order, it appeared that at the time of the service of the order the debtor had no money, but that subsequent thereto he had procured or had the sum of $60, which he had also disposed of in payment of grocery bills. Thereupon the court ordered him to pay that sum ($60) upon an execution to be issued on the judgment. From that order this appeal was taken.

The order cannot be sustained. It was undoubtedly based either on the theory that the debtor had not in fact paid out the $60, which he admitted he had received, or else that, if he had so paid it out, he had thereby violated the restraining order. The evidence given on the disclosure would not have justified the conclusion that the debtor still had the money. His own testimony was to the contrary, and there was no proof opposed to his own disclosure as to his having used the money for the purpose before stated, and he could not be required to pay over or deliver money or property which he neither possessed nor controlled.

Nor is the order sustainable on the theory that the debtor violated the restraining order in paying out the money acquired subsequent to the service of that order. This was not a proceeding to punish the debtor for contempt, and he was not called upon to present any defense to a charge of that nature. Even if the restraining order could be regarded as having effect with respect to subsequently acquired property, so that the paying out of the money would constitute a violation of the order, (which is at least doubtful,) the debtor might still have been able to purge himself from contempt if he had been called upon to do so. But no proceedings were taken directed to the end of punishing the appellant for contempt. He does not appear to have been adjudged to have been guilty thereof, and the order appealed from cannot be regarded as having been intended as punishment for any such cause.

The conclusion is that the order must be reversed.

·(Opinion published 53 N. W. Rep. 461.)