DAVID BRADLEY & COMPANY v. J. M. BURK.[1]

November 15, 1900.

Nos. 12,233—(67).

**Supplementary Proceedings.**

In proceedings supplementary to execution, to justify an order on the judgment debtor to pay over money, the evidence must be direct, clear, and convincing. Evidence examined, and *held* to be insufficient to support the order.

Appeal by defendant from an order of the district court for Stevens county, Steidl, J. Reversed.

[1] Reported in 84 N. W. 123.

*Fred E. Smith*, for appellant.

*L. C. Spooner* and *Marshall A. Spooner*, for respondent.

LEWIS, J.

Appeal by defendant from an order of the trial court in proceedings supplementary to execution, directing defendant to pay over to plaintiff's attorneys $260.

The evidence upon which the court based the order was taken by a referee appointed by the court for that purpose, and it is submitted by appellant that the evidence is not sufficient to support the order. The order contains a finding to the effect that defendant had $260 in his possession and under his control and owned by him at the time of the service upon him of the order in supplementary proceedings. The defendant was subjected to a most searching examination, reaching back many years into his early married life. While it appears that defendant had recently handled some money belonging to members of his family, it is clear from the record that he had turned over all his property for the benefit of his creditors, and had no money on hand of his own. His monthly salary was accounted for, and there is no tangible evidence to the effect that defendant was concealing property. The trial court did not have the opportunity to judge of the credibility of the witnesses, and the usual rule as to the weight of evidence has no application.

The statute was intended to accomplish a proper purpose, in assisting judgment creditors to discover secreted property, but it does not justify a general inquiry into every judgment debtor's private affairs, where there is not shown to be some reasonable basis for an inquiry, to discover a fraudulent transfer or concealment of property. If this statute is authority for the uncovering of the family history and private relations of unfortunate debtors, under the pretext of fishing up some clue which might lead to something, it is high time it was repealed. The proper rule applicable in such proceedings is that the evidence must be direct, clear, and convincing. Disobedience to the order is punishable as for. contempt, which means a fine or imprisonment.

The evidence disclosed in the record in this case is wholly insufficient to support the finding, and the order is reversed.