# H. F. HANSEN v. DANIEL HAYES COMPANY OF IDAHO AND OTHERS.[1]

December 12, 1924.

No. 24,354.

**Order in supplementary proceedings erroneous.**

In proceedings supplementary to execution there was no showing that the defendant had money in his personal possession or concealed; and an order directing him to pay the plaintiff a specified amount was erroneous.

In supplementary proceedings in the district court for Pipestone county, defendant Willey was directed by Nelson, J., to pay plaintiff $300. Defendant appealed. Reversed.

*M. J. Meeker*, for appellant.

*George P. Gurley* and *C. T. Howard*, for respondent.

DIBELL, J.

In proceedings supplementary to execution pursuant to G. S. 1913, § 7954, et seq., the court directed the defendant Willey to pay the plaintiff $300. He appeals from the order.

On September 20, 1921, judgment was entered in favor of the plaintiff against the defendant Willey and another for $12,809.40. See Hansen v. Daniel Hayes Co. 152 Minn. 222, 188 N. W. 317. On May 16, 1924, these proceedings were instituted. On his examination before the referee the defendant made a disclosure of his property. He disclosed no money. On October 23, 1923, he became surety on a bond on an appeal to the district court. In the justification he took oath that he was "worth the amount of $300 above his debts and liabilities and exclusive of his property exempt from execution." At the hearing before the referee he testified that his financial condition had not changed. It is sought to sustain the order for the payment of $300 upon the statement in his justification coupled with his admission that there was no change in his financial

[1] Reported in 201 N. W. 603.

condition. There is an absence of a showing that he had money in his personal possession or under his control or concealed. If he has other property subject to levy, or concealed, the law gives a way of reaching and appropriating it to his debts. The record does not sustain the order for the payment of $300. David Bradley & Co. v. Burk, 81 Minn. 368, 84 N. W. 123; Christensen v. Tostevin, 51 Minn. 230, 53 N. W. 461.

Order reversed.