# SIGNE J. JOHNSON AND ANOTHER v. HELEN BRAJKOVICH.[1]

December 16, 1949.

No. 35,024.

*Henry J. Grannis,* for appellant.
*Smythe & Lindquist,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court in proceedings supplementary to execution directing defendant to pay plaintiffs' attorneys certain money for the purpose of satisfying a judgment and interest.

The pertinent facts are substantially as follows: On or about September 29, 1946, defendant sold her homestead in Duluth to plaintiffs through a real estate agency and received the net proceeds therefrom on October 15, 1946. On November 1, 1946, defendant refused to surrender possession of the apartment she was occupying therein, and plaintiffs brought an action against her in unlawful detainer, which resulted in a judgment of $210 for plain-

[1]Reported in 40 N. W. (2d) 273.

tiffs. This judgment was entered and docketed on July 30, 1947, and on August 20, 1947, an execution thereon was returned unsatisfied. On September 3, plaintiffs obtained an order for proceedings supplementary to execution, and an examination of defendant before a referee was held on September 17 and 29.

During the examination, it developed that the net proceeds to defendant from the sale of her homestead were $8,946.83, paid to her by check on October 15, 1946, and that she cashed the check at a bank in Duluth the same day and took the money with her. Defendant's testimony in the supplementary proceedings as to what became of this money was questionable and uncertain. She made vague and evasive claims about paying local bills and loans to relatives without knowing in many instances the amounts paid and without producing receipts for such payments. At the adjourned hearing on September 29, 1947, defendant testified that out of these proceeds she gave $6,500 to one Ted Kutsavich in payment of a loan which she claims he made to her husband prior to his death. She admitted that this loan had not been made to her, and her explanation of when and where she paid the money to Kutsavich was not too convincing. No other evidence of the loan was presented at this hearing.

The supplementary proceedings were certified to the district court by the referee on October 3, 1947, less than a year after defendant received the net proceeds from the sale of the homestead.

On August 25, 1948, plaintiffs brought on for hearing a motion for an order requiring defendant to pay plaintiffs' attorneys the amount of the judgment, with interest and accrued costs on execution and proceedings supplementary thereto, totaling $244.30. This motion was based on the affidavit of one of plaintiffs' attorneys, which sets out in part that subsequent to the examination of defendant in the supplementary proceedings, wherein she made some claim to ownership of a meat counter, defendant commenced an action in district court against plaintiff John A. Johnson for the alleged conversion of the meat counter, which action came on for trial on or about November 24, 1947, and resulted in a verdict for Johnson;

that in the course of that trial Kutsavich testified on cross-examination that he had known defendant in the instant case for only a short time before her husband's death in 1939 or 1940; that he had had no contact with her from that time until he helped her move some furniture and fixtures in July 1947, except that he had seen her in town once in a while; and that he had had no business relations with her and none with her husband except as a meat-market customer. Defendant countered with an affidavit by Kutsavich, dated August 21, 1948, to the effect that in 1939 Kutsavich loaned defendant's husband $6,500 without security; that her husband died August 2, 1940, without repayment of the loan to Kutsavich; that after the death of her husband defendant, who knew about the loan, paid him $6,500 "in the latter part of 1946" out of the proceeds from the sale of defendant's homestead. On April 26, 1949, the court made the order from which this appeal is taken.

The principal question for our consideration is whether there was clear and convincing proof adduced in the supplementary proceedings that defendant had in her possession or under her control, at the time of the proceedings, sufficient property not exempt from execution to satisfy the judgment, as ordered by the court.

Insofar as material here, M. S. A. 575.05 provides:

"The judge may order any property of the judgment debtor in the hands of himself or of any other person, or due to him, not exempt from execution, to be applied toward the satisfaction of the judgment."

In David Bradley & Co. v. Burk, 81 Minn. 368, 84 N. W. 123, on an appeal from an order of the trial court in proceedings supplementary to execution, this court said that the statute was intended to accomplish a proper purpose in assisting judgment creditors to discover secreted property, and declared that the proper rule applicable in such proceedings is that the evidence must be direct, clear, and convincing. It was held in that case that the evidence was insufficient to support the order.

In Hansen v. Daniel Hayes Co. 161 Minn. 251, 201 N. W. 603, the appeal was from an order in proceedings supplementary to execution

requiring defendant to pay $300. The defendant made disclosure in May 1924 that he had no money. In October of the preceding year, he became a surety on an appeal bond and justified that he was worth $300 above his debts and liabilities and exclusive of exempt property. At the hearing before the referee he testified that his financial condition had not changed. It was there sought to sustain the order for the payment of $300 upon the statement in his justification on the bond, together with his admission that there was no change in his financial condition. We held that there was an absence of a showing that he had money in his personal possession or under his control or concealed, and that the record did not sustain the order for payment.

In an earlier case, Christensen v. Tostevin, 51 Minn. 230, 53 N. W. 461, we said in reversing an order of the district court requiring defendant to pay over a specific sum in connection with a disclosure made in proceedings supplementary to execution that the debtor, under the facts and circumstances of that case, could not be required to pay over or deliver money or property which he neither possessed nor controlled.

It is apparent from a review of the record here that there was not such direct, clear, and convincing testimony at the time of the hearing in the supplementary proceedings that defendant had property in her possession exempt from execution to justify the order of the court. While it is conceivable from the nature of defendant's testimony that the court might well have considered that she still had some of the proceeds from the sale of her homestead in her possession at the time she testified, it is our opinion that, even so, these proceeds would be exempt from execution. Section 510.07 provides in part:

"The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in his hands."

Here, we have a situation where the owner received the proceeds from the sale of her homestead on October 15, 1946. The disclosure

in the proceedings supplementary to execution was made September 17 and 29, 1947, and the referee certified the proceedings to the district court on October 3, 1947, all within the year from the time defendant received the proceeds from the sale. She testified in the proceedings that she had no money and nothing equivalent in the way of property, bonds, stocks, or bank accounts, summarizing her financial condition by saying, "I haven't a thing to my name." It is also apparent that it was not necessary for defendant to be so vague and evasive at the disclosure in attempting to show that she had disposed of almost her last penny from the proceeds of the sale of her homestead, since it is our opinion that, even though she had some of these proceeds in her possession at the time of the disclosure, which was within one year from the date she received the money from the sale, they would have been exempt, as there was a complete absence of any showing that defendant had in her possession or under her control nonexempt assets which might have been used to satisfy the judgment in question.

We see no merit in plaintiffs' contention that because the judgment arose out of a wrongful detention of the homestead after its sale the judgment in this action is not a debt from which the homestead would be exempt in defendant's hands, since it is apparent that the judgment was for damages arising out of differences between the parties *after* the sale of the homestead had been completed.

Reversed.