**COUNTY OF NICOLLET on Behalf of Randi BLOCK, Respondent,**

v.

**Tom HAVRON, Appellant.**

**No. C3–84–597.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Willis M. Gustafson, St. Peter, for respondent.

Roger H. Hippert, Kunz, Mueller & Hippert, New Ulm, for appellant.

Heard, considered, and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

The father appeals from an order imposing a lien upon and ordering public auction of his homestead and all personal property located there to satisfy child support arrearages. He contends that the homestead exemption protects his home from seizure or sale. In addition, he contends that some of his personal property is exempt from forced sale. We reverse.

## FACTS

Tom Havron was adjudged in a paternity action to be the father of a daughter born to Randi Block. Subsequently, a judgment was entered against him for $10,000 for support arrearages. The trial court awarded Nicollet County a lien against all of Havron's property as security for the judgment.

Subsequently, upon cross motions for relief, the trial court awarded the county a judgment lien on Havron's homestead and all personal property located there. The court also gave the county a lien on any insurance proceeds arising from the loss or destruction of Havron's homestead and personal property. Finally, the court ordered the sale of Havron's homestead and personal property unless he paid the support arrearages by a specified date.

## ISSUE

Did the trial court err in ordering sale of the father's homestead and personal property at public auction to satisfy child support arrearages?

## ANALYSIS

The trial court found that Minn.Stat. § 257.67, subd. 3 (1982), in conjunction with Minn.Stat. § 518C.17, subd. 1 (Supp.1983), authorizes ordering public auction of a parent's homestead and personal property to satisfy child support arrearages. Minn. Stat. § 257.67, subd. 3, which deals with enforcement of paternity orders, provides:

Subd. 3. Willful failure to obey the judgment or order of the court is a civil contempt of the court. All remedies for the enforcement of judgments apply including those available under sections 518.41 to 518.53 and 256.872 to 256.878.

Minn.Stat. §§ 518.41–518.53 were repealed in 1982 and replaced by Minn.Stat. § 518C.1–34. The trial court found that the legislature's failure to revise the paternity statute to reflect the change was an oversight, and that the remedies available in § 518C are available in paternity cases.

Minn.Stat. § 518C.17, subd. 1, which replaced Minn.Stat. § 518.48, provides in part:

If the responding court finds a duty of support, it may order the obligor to furnish support or reimbursement therefor and subject the property of the obligor to the order. * * *

There is no case law defining the phrase "subject the property of the obligor to the order." The trial court interpreted it to include authority to order sale of a parent's homestead and personal property.

Minn.Stat. § 510.01 (1982), the homestead exemption, provides:

The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants.

Minn.Stat. § 550.37 (Supp.1983) provides:

Subd. 1. The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court. * * *

Subd. 4. Personal goods. (a) All wearing apparel, one watch, utensils, and foodstuffs of the debtor and his family; and (b) household furniture, household appliances, phonographs, radio and tele-

vision receivers of the debtor and his family, not exceeding $4,500 in value. * *

Subd. 9. All money arising from any claim on account of the destruction of, or damage to, exempt property.

■ The state has strong interests both in a liberal homestead exemption and in insuring that parents provide for their children. If the legislature intended child support judgments to take precedence, it could have expressly exempted child support liens from the homestead exemption, as it has done with laborers' and materialmen's liens and liens for taxes or assessments. Minn.Stat. § 510.05 (1982). In the absence of express authorization, we find that the court's authority to order the sale of property to satisfy child support arrearages is limited by the statutory homestead and property exemptions.

### DECISION

■ We reverse. Havron's homestead and his exempt personal goods may not be ordered sold to satisfy his child support arrearages. Furthermore, any insurance proceeds Havron may receive from the destruction of his homestead or exempt personal property are exempt. Only Havron's non-exempt property may be ordered sold to satisfy the debt.

Reversed.