In re the Marriage of: **Margaret B. PORTER, Petitioner, Respondent,**

v.

**James R. PORTER, Appellant.**

**No. C6–86–162.**

Court of Appeals of Minnesota.

June 24, 1986.

Roger H. Hippert, Kunz, Mueller & Hippert, New Ulm, for respondent.

Ronald C. Anderson, Hulstrand, Anderson, Larson & Boylan, Willmar, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

James Porter appeals from an order requiring him to pay $5,257, the amount of a contract for deed payment due him, to the court administrator for payment to respondent. The funds are to be applied toward satisfaction of three judgments respondent has against appellant for unpaid maintenance.

Appellant claims the trial court erred in ordering the proceeds to be paid to the court administrator without prior supplementary proceedings. We affirm.

## FACTS

Appellant James Porter and respondent Margaret Porter were married in 1950. The marriage was dissolved early in 1980. The dissolution judgment provided for appellant to pay respondent $600 per month permanent maintenance. It awarded appellant the parties' homestead and ordered him to pay respondent $45,000 by February 1, 1986, with interest at 6% per year on the unpaid balance to be paid in monthly installments of $225. Respondent was granted a lien against a piece of non-homestead real estate as security for the $45,000. That real estate is not in issue.

Appellant did not make timely maintenance and interest payments from the start. In July, 1980, the trial court granted judgment against appellant for $2,400 in arrears and found him in contempt.

In September, 1980, appellant sold the homestead to Lowell and Hazel Richards for $60,000 on a contract for deed. Hazel Richards is appellant's sister. Of the $60,000 purchase price, $15,000 was due on November 1, 1980, with the balance to be paid in annual installments of $5,257.33 on November 15 of subsequent years beginning in 1981.

In December, 1980, respondent obtained a $1,800 judgment against appellant for interest on the unpaid $45,000. In December, 1983, she obtained a $7,200 judgment for arrears in maintenance and interest

payments. The trial court again held appellant in contempt.

In spring 1984, the trial court found that appellant's income had decreased and respondent's income had increased since entry of the original judgment and terminated the $600 monthly maintenance payment effective May 1, 1984. The court did not forgive arrears.

In October, 1984, respondent attempted to enforce her judgments by executing on the contract for deed payment due appellant. The execution was returned by the sheriff on October 25, 1984, unsatisfied, noting no property found. After another unsuccessful execution on the contract for deed payment, respondent served a garnishment summons on Hazel Richards to obtain the November, 1985, payment. Richards returned the disclosure showing she owed no money.

Respondent again unsuccessfully attempted to execute upon the contract for deed payment due appellant. She then served a garnishment summons on Hazel Richards to obtain the November 15, 1985, payment. Richards returned the disclosure showing she owed no money.

Finally, respondent moved to have the amount of the November 15, 1985, payment applied to the outstanding judgments. Following a November 8 hearing, the court issued a preliminary order requiring Richards to pay the court administrator or, alternatively, for appellant to pay the amount to the court administrator if he had already been paid.

Richards paid appellant in August, 1985. Appellant did not pay the amount to the court administrator and admitted that sometime in November, 1985, he used $4,000 of this money to open two Individual Retirement Accounts. On December 31, 1985, the trial court again ordered Richards to make the November 15, 1985, payment directly to the court administrator or for appellant to pay that amount to the court administrator.

## ISSUES

1. Did the trial court err in ordering appellant to pay contract for deed proceeds to the court administrator without complete supplementary proceedings pursuant to Minn.Stat. § 575.05 (1984)?

2. Were the contract for deed proceeds exempt from respondent's collection attempts as proceeds from the sale of appellant's homestead?

## ANALYSIS

### I.

*Supplementary proceedings*

■ Porter argues that the trial court should have followed all the procedures for supplementary proceedings outlined in Minn.Stat. §§ 575.01 through 575.07 (1984) before sequestering the contract for deed payment. He specifically claims that § 575.04, which permits judgment creditors to question judgment debtors about their property, was improperly ignored. We disagree.

The purpose of § 575.04 is to assist judgment creditors in discovering assets in judgment debtors' possession or under their control which may be available to satisfy the judgment. Supplementary proceedings are a summary substitute for a suit in equity by the creditor to discover assets. *Fox v. Capital Co.*, 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67 (1936). Judgment creditors, not judgment debtors, are entitled to orders requiring judgment debtors to answer questions concerning their assets. Minn.Stat. § 575.02.

Here, the respondent required no such assistance in discovering assets. Following nearly six years of litigation, she was fully apprised of the situation concerning the contract for deed payments. The record contains substantial testimony, answers to interrogatories, and other evidence concerning the extent and nature of appellant's assets.

Years ago the supreme court explained that the object of having a judgment debtor answer questions about his property is to

ascertain whether he has anything not exempt from execution. Such an order is unnecessary where, as here, the creditor already knows and can show that the debtor has such property. *Kay v. Vischers,* 9 Minn. 270 (Gil. 254)(1864). Respondent knows appellant has an interest in contract for deed payments. They are subject to execution. Another hearing to discover them would serve no purpose. Appellant had full opportunity to present any evidence concerning his assets at the November 8 hearing.

Appellant relies on *Johnson v. Brajkovich,* 229 Minn. 529, 40 N.W.2d 273 (1949). In *Brajkovich* the supreme court held that in proceedings supplementary to execution, clear, convincing and direct evidence is required that judgment debtors have property either in their hands, due them, or in another's hands which is not exempt from execution at the time of disclosure. *Id.* at 531, 40 N.W.2d at 274. *Brajkovich* held that appellant had no money except exempt proceeds from the sale of her home, and that respondents did not present evidence of other assets which could satisfy the judgment. *Id.* at 532, 40 N.W.2d at 275. Appellant claims that such evidence must be adduced at a hearing conducted by a referee and certified to a judge. We disagree. *Brajkovich* does not state that the clear, convincing and direct evidence can only be presented to a referee. Minn.Stat. § 575.04. Evidence of assets available to satisfy judgments *may* be presented directly to a court.

## II.

### *Homestead exemption*

■ Appellant claims that his contract for deed proceeds cannot be used to satisfy

respondent's judgment because they are exempt proceeds from the sale of his homestead. *See* Minn.Stat. §§ 510.01, 510.07 (1984) and Minn. Const. Art. I, § 12. We hold that the homestead exemption does not prevent a trial court, acting pursuant to its equitable powers outlined in Minn.Stat. §§ 518.24 and 518.64, from applying property divided in a dissolution to satisfaction of a spouse's judgment based on maintenance arrears.[1]

Minn.Stat. § 518.24 allows courts, upon a spouse's failure to pay maintenance, to sequester the obligor's personal estate and the rents and profits of real estate of the obligor, and appoint a receiver of them. The court may cause the personal estate and the rents and profits of the real estate to be applied according to the terms of the order.

Concerning property divided in a dissolution action, Minn.Stat. § 518.64, subd. 2, provides:

The court may impose a lien or charge on the *divided property at any time while the property,* or subsequently acquired property, *is owned by* the parties or *either of them,* for the payment of maintenance or support money, or may sequester the property as is provided by section 518.24.

(Emphasis added). This section specifically authorizes trial courts to sequester profits of real estate *which has been divided in a dissolution action* for the benefit of children or a spouse. Here, the property in question had been the homestead of both parties and had been divided in the dissolution action. The statute permits sequestration of the profits "at any time," indicating that the homestead exemption, including

---

1. If the homestead exemption applied to appellant's real property and proceeds of its sale, issues would arise concerning how long payments made on a contract for deed are exempt as proceeds. Minn.Stat. § 510.07 exempts proceeds of a "sale" of a homestead for one year. One interpretation is that the one year begins running at the time the contract for deed is signed and equitable title passes. After the passing of one year, the down payment and all other future payments to be made would be available to creditors. Under a different interpretation, the down payment would be exempt for one year, and then each installment payment as received would be exempt for another twelve months. A third interpretation is that no "sale" under § 510.07 takes place until the deed is signed and legal title passes, and thus all payments are exempt until that date and for one year thereafter. We decline to address these issues because they are not necessary to our decision of this case.

the one-year exemption for proceeds, does not apply to property awarded to either spouse in a dissolution where enforcement of maintenance or child support is sought. The homestead exemption does not limit the family court's equitable powers to divide homestead property of the parties, and Minn.Stat. § 518.64, subd. 2, extends this equitable power to enforcement of the decree. No one contends, for example, that one spouse's lien on a homestead awarded to the other spouse cannot be enforced solely because the real estate is now the homestead of just one spouse. No one contends that if the spouse granted the homestead subject to the other's lien sells shortly after the dissolution, that the non-owner spouse with the lien cannot enforce that lien against the proceeds until one year from the sale has elapsed.

Our decision is consistent with *Faus v. Faus*, 319 N.W.2d 408 (Minn.1982), which found a similar exception to Minn.Stat. § 69.51, which prohibits garnishment or execution of a firefighter's relief association pension, in favor of claims by family members. *Faus* noted that "a substantial majority of the decisions [hold] that dependents' claims for child support or alimony are excepted from similar statutory exemptions."[2] *Id.* at 411. The policy is that the funds involved, pension funds and disability insurance, are created for the protection, not only of the employee or insured, but for the protection of his family. Similarly, the purpose of exemptions is to relieve the person exempted from the pressure of claims that are hostile to his and his dependents' essential needs.

*Id.* at 411 (quoting *Courtney v. Courtney*, 251 Wis. 443, 449, 29 N.W.2d 759, 762 (1947). *See also Knapp v. Johnson*, 301 N.W.2d 548 (Minn.1980). This policy of providing for family members also applies to the homestead exemption, which the legislature enacted to protect families' shelters from claims of creditors. We therefore hold that the homestead exemption

does not prevent the trial court, acting pursuant to its equitable powers outlined in Minn.Stat. §§ 518.24 and 518.64, from sequestering the contract for deed payments for satisfaction of a judgment based on maintenance arrears.

We recognize that *County of Nicollet v. Havron*, 357 N.W.2d 134 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Feb. 19, 1985) held that the homestead exemption prohibited a county from ordering the sale of a father's homestead to satisfy child support arrears. We distinguish *Havron* because the court there did not have available to it the equitable powers of § 518.64, subd. 2, because the parents had never been married and divorced. The arrears arose after a paternity action. There was no § 518.64, subd. 2 "divided property" upon which the court could exercise its equitable power to sequester. The father had homesteaded the property on his own, and the mother of the child had never shared any legal interest in that property.

In this case, the equitable powers of a trial court acting pursuant to Minn.Stat. §§ 518.24 and 518.64 were properly applied. The trial court did not err in ordering appellant's contract for deed payments to be paid to the court administrator to satisfy the judgments.

Appellant also objects to a trial court amendment to the order entered after the appeal was filed. Because appellant appeals from the December 31, 1985, order, we will not address the jurisdictional question of the February 21, 1986, amendment. However, we note that such an amendment could be construed as permissible enforcement or a clarification within the trial court's jurisdiction.

### DECISION

The trial court did not err in sequestering the contract for deed payments without requiring complete statutory supplementary proceedings.

---

**2.** Decisions allow this exception to constitutional exemptions as well. *See Albrecht v. Albrecht*, 99 N.W.2d 229, 235 (N.D.1959). The constitu-

tional exemptions were similarly created to aid the entire family, not just one member of it in opposition to others.

The homestead exemption does not prevent the trial court from using its equitable power in a post-decree order enforcing payment of maintenance.

Affirmed.