In the Matter of the Application of Russell J. JENSEN for Declaration of Homestead.

In Re the Marriage of Agnes Mae JENSEN, a.k.a. Agnes K. Jensen, petitioner, Respondent,

v.

Russell James JENSEN, Appellant.

Nos. C5–87–874, C3–87–1182.

Court of Appeals of Minnesota.

Nov. 3, 1987.

Review Denied Jan. 15, 1988.

---

Karl J. Yeager, Minneapolis, for appellant.

Marilyn B. Knudsen, St. Paul, for respondent.

Russell J. Jensen, pro se.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

In this consolidated appeal, Russell Jensen appeals from one trial court's determination of child support and spousal maintenance arrears, and from another trial court's declaration that proceeds from sale of his homestead are not exempt from legal process for payment of support and maintenance arrears. Respondent noticed review of the trial court's denial of attorney fees. We affirm the amount of the arrearages, as corrected, and affirm the declaration subjecting homestead proceeds to payment of the child support and spousal maintenance arrearages. We reverse the denial of attorney fees.

### FACTS

Appellant's and respondent's marriage was dissolved February 2, 1976. The dissolution judgment and decree awarded respondent child support until the four minor children graduated from high school or attained the age of 18, and awarded respondent permanent spousal maintenance. Spousal maintenance terminates upon the death or remarriage of the respondent or the death of the appellant.

On August 17, 1979, the family court referee ordered judgment against appellant in the amount of $27,859.54 for child support and spousal maintenance arrearages from December 8, 1975, through May 30,

1979. Appellant moved for review of the referee's order pursuant to Minn.R.Civ.P. 53.05(2). A hearing was never held, and on September 10, 1981, the 1979 order for judgment was entered. Appellant obtained a stay of entry of judgment on September 28, 1981, again for a hearing which was never held.

On September 3, 1986, the 1979 order for judgment was entered again. Appellant moved to vacate the judgment, to reduce child support payments and terminate spousal maintenance and for relief from the judgment under Minn.R.Civ.P. 60.02(5) and (6), and Minn.R.Civ.P. 62.01. The trial court found the September 28, 1981, stay of entry of judgment still in force. The trial court then vacated the September 3, 1986, entry of judgment and stayed entry of judgment until a hearing could be held.

In January 1987 a hearing was held before a family court referee. Based on evidence presented at the hearing, the referee ordered judgment against appellant in the amount of

(1) $27,586.00 for support and maintenance arrearages from December 1975 through May 1979, and

(2) $47,319.00 for support and maintenance arrearages from June 1, 1979, through December 31, 1986. The referee's order was countersigned by a trial judge and judgment was entered on March 6, 1987.

On March 17, 1987, appellant petitioned for review of the 1987 order for judgment pursuant to Minn.R.Civ.P. 53, and on April 7, 1987 appellant applied to the trial court to declare his homestead exempt from legal process under Minn.Stat. ch. 510. The trial court declared appellant's residence a homestead but did not exempt it from legal process for payment of child support and spousal maintenance arrearages.

On May 8, 1987, the trial court judge reviewed the 1987 order pursuant to appellant's Rule 53 motion and affirmed the referee's findings and order. Respondent's motion for attorney fees was denied. Both parties appeal.

## ISSUES

1. Did the trial court err in affirming the referee's findings and order?

2. Did the referee err in considering the 1979 determination in light of appellant's 1979 and 1981 motions?

3. Are the proceeds from the sale of a homestead exempt from judgments for child support and spousal maintenance payments in arrears?

4. Is the respondent entitled to attorney fees?

## ANALYSIS

1. The standard of appellate review is whether the trial court abused its discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982) (spousal maintenance); *see Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App.1984) (recognizing trial court's wide discretion in dissolution awards). If the child support, spousal maintenance and property determinations have a reasonable basis in fact, then they must be affirmed. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

A referee's recommended findings and order in a family court matter are advisory only, possessing no more than prima facie validity. *Peterson v. Peterson*, 308 Minn. 297, 304, 242 N.W.2d 88, 93 (1976) (child custody matters); *Berg v. Berg*, 309 Minn. 281, 285, 244 N.W.2d 149, 151 (1976) (extending *Peterson* to family court matters other than custody). The ultimate responsibility for making an informed and independent decision rests with the trial court judge. *Peterson*, 308 Minn. at 304, 242 N.W.2d at 93. The trial court judge has full authority to adopt, modify or reject the referee's recommendation. Minn.R.Civ.P. 53.05(2). However, "the judge who countersigned a referee's findings would not independently review the record without a motion by a party." *Thompson v. Thompson*, 385 N.W.2d 55, 57 (Minn.Ct.App.1986). The trial court judge *may* receive further evidence when reviewing the referee's report. Minn.R.Civ.P. 53.05(2).

Here, appellant asked for and received trial court's independent review of the ref-

eree's 1987 findings and order under Minn. R.Civ.P. 53. Appellant argued that the trial court erred in refusing to permit further discovery of respondent's current needs. Appellant suggests that without additional evidence of respondent's reduced need and increased income, the court could not modify support or terminate maintenance. However, evidence of reduced need or of increased earnings of *both* parties is not necessary. Minn.Stat. § 518.64, subd. 2 (1986). To modify maintenance, the appellant need show:

(1) substantial change in the needs of a party or a substantial change in the earnings of a party, and

(2) this change makes the original terms unfair and unreasonable. *See* Minn.Stat. § 518.64, subd. 2; *Abuzzahab v. Abuzzahab*, 359 N.W.2d 329, 332 (Minn.Ct.App. 1984).

Here, the trial court reviewed the referee's report, the parties' tax records and the transcript of the appellant's oral testimony at the hearing. Any substantial change in the earnings of the parties would have been evident in the tax records. If appellant had wanted more detailed findings by the trial court, he should have produced adequate evidence for more detailed findings. The tax records and appellant's testimony provided a reasonable basis in fact for the trial court's decision.

■ 2. To modify support or maintenance retroactively, the failure to pay must not be willful. Minn.Stat. § 518.64, subd. 2 (1984). The appellant testified that the failure to pay was not willful because he lacked the funds. However, appellant never requested relief from the orders; he just stopped making payments. *See Weinand v. Weinand*, 286 Minn. 303, 306–07, 175 N.W.2d 506, 509 (1970).

On three occasions, appellant moved to stay entry of judgment so he could argue for relief from his support and maintenance obligations. He failed to follow through on any of these motions. In addition, his 1981 and 1986 motions under Minn.R.Civ.P. 60 were frivolous. Minn.R. Civ.P. 60.02 states "the court may relieve a party * * * from a final judgment (*other* *than a divorce decree* )." (Emphasis added.) Throughout the procedural history, appellant has acted only after respondent pursued her rights. Respondent is not responsible for moving appellant's motions forward. Appellant's lack of diligence does not bar the entry of the 1979 order as a judgment. The 1979 order is entered as a judgment nunc pro tunc as of September 10, 1981. *See Hampshire Arms Hotel Co. v. Wells*, 210 Minn. 286, 298 N.W. 452 (1941).

■ 3. Appellant argues that Minn. Const. art. I, § 12, and Minn.Stat. ch. 510 exempt his homestead from seizure or sale to pay any debt, including judgments for child support and spousal maintenance arrearages. Minn. Const. art. I, § 12, states:

No person shall be imprisoned for debt in this state * * *. A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.

From this authority, Minn.Stat. ch. 510 defines the scope of the exemption. Minn. Stat. § 510.01 (1984) states:

The house owned and occupied by a debtor as his dwelling place, * * * shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing * * *.

This protection extends to sales and conveyances of

the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in the owner's hands.

Minn.Stat. § 510.07 (1984). To protect the homestead from the demands of creditors, the homestead exemption "has been liberally construed and its exceptions narrowly defined." *Northwestern National Bank v. Kroll*, 306 N.W.2d 104, 105 (Minn.1981).

The basis of the exemption is to protect the family homestead from creditors. *See* Minn. Stat. § 510.01 (defining house as homestead of debtor *and his family* ). The

spouse and any children are not outside creditors, but *are* the family. The exemption cannot be used to harm the ones it is designed to protect. *Breedlove v. Breedlove,* 100 Nev. 606, 691 P.2d 426 (1984). An early Minnesota case held that alimony

is not a debt or liability within the meaning of either the constitution or statute relating to exemptions. In providing for the division and adjustment of property in case of divorce, the law proceeds upon the theory that the wife has an interest in the property of her husband. This is peculiarly true of a homestead, which is exempted from seizure and sale for debt, for the benefit of the wife and children, if any, as well as of the husband.

*Mahoney v. Mahoney,* 59 Minn. 347, 350, 61 N.W. 334, 334 (1894). In a similar context, the court found a family exception to exempting the husband's pension from legal process by statute. *Faus v. Faus,* 319 N.W.2d 408 (Minn.1982).

In addition, the discretionary power of the court continues to enforce the court's decree and so the court may order enforcement of the arrears judgment. Minn.Stat. § 518.64 (1986); *see Porter v. Porter,* 389 N.W.2d 739 (Minn.Ct.App.1986) (property divided at dissolution); *Crace v. Crace,* 396 N.W.2d 877, 880 (Minn.Ct.App.1986) (pension plan), *pet. for rev. denied* (Minn. Jan. 27, 1987). Minn.Stat. § 518.64, subd. 2 (1986), expressly grants the court equitable powers over "subsequently acquired property" as is the case here. The court's equitable powers override the application of the homestead exemption. This analysis protects the state's strong interest in insuring that parents provide for their children.

A 1987 amendment to Minn.Stat. § 510.07 also supports this analysis. Minn. Stat. § 510.07 now states:

The owner may sell * * * the homestead without subjecting it, or the proceeds of such sale * * *, to any judgment * * *, *except that the proceeds of the sale are not exempt from a judgment or debt for a court ordered child support or maintenance obligation in arrears.*

1987 Minn.Laws ch. 403, art. 3, § 75 (amendment underscored).

Appellant relies on *County of Nicollet v. Havron,* 357 N.W.2d 134 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Feb. 19, 1985). In *County of Nicollet,* the court upheld the homestead exemption from a court-ordered sale of a putative father's homestead and personal property to satisfy child support arrearages. The court reasoned:

If the legislature intended child support judgments to take precedence, it could have expressly exempted child support liens from the homestead exemption, as it has done with laborers' and materialmen's liens and liens for taxes or assessments. Minn.Stat. § 510.05 (1982).

357 N.W.2d at 136. The facts of *County of Nicollet* distinguish it from this case. The *County of Nicollet* court lacked the equitable powers of Minn.Stat. § 518.64, subd. 2, since the arrearages arose from a paternity action rather than a dissolution. *County of Nicollet* involved the forced sale of the homestead unlike this case where the sale of the homestead was purely voluntary. Lastly, *County of Nicollet* focused on the interpretation of § 510.01, not § 510.07 as is the case here.

4. Respondent points out mathematical errors in the totals for the arrearages found by the referee. The correct total amount of payments in arrears for 1979–86 is $49,166.

Because of appellant's actions in delaying this matter and bringing frivolous motions as described in section 2 of this opinion, the denial of attorney fees to respondent is clearly erroneous.

## DECISION

The trial court's decision concerning child support and spousal maintenance payments in arrears is affirmed as the trial court had a reasonable basis in fact for its decision and did not abuse its discretion. The 1979 order was entered as a judgment on September 10, 1981, and is given effect as of that date. Respondent is entitled to interest on this judgment at the legal rate beginning September 10, 1981. The trial court's declaration of the homestead proceeds as subject to legal process is af-

firmed. The denial of respondent's request for attorney fees is reversed, and the matter is remanded for the trial court's determination of a reasonable amount of fees.