**In re the Marriage of Roman Jan GORZ, Petitioner, Appellant,**

v.

**Nancy Laura GORZ, n/k/a Nancy Laura Baker, Respondent.**

No. C1–95–2599.

Court of Appeals of Minnesota.

July 30, 1996.

See also 428 N.W.2d 839.

**568**

Kevin K. Shoeberg, Eckberg, Lammers, Briggs, Wolff & Vierling, P.L.L.P., Stillwater, for appellant.

Lawrence D. Olson, Lawrence D. Olson & Associates, St. Paul, for respondent.

Considered and decided by KLAPHAKE, P.J., and SCHUMACHER and SCHULTZ*, JJ.

## OPINION

KLAPHAKE, Judge.

Roman Jan Gorz appeals from a post-dissolution order holding him in conditional contempt of court and denying his request for modification of child support. Because the trial court's ruling was based on its erroneous imputation of income to appellant, we affirm in part and reverse in part.

_____

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Roman Jan and Nancy Laura Gorz's 10-year marriage was dissolved on December 7, 1987. At the time of the dissolution decree, they had two children who were six and three, respectively.

Both parties were represented by counsel in the dissolution proceedings. The decree called for joint legal custody and awarded "primary physical custody" to appellant during the school year and to respondent the same during the summer months.[1] Each party was responsible for child support during their non-custodial months.

On November 10, 1994, respondent moved for a modification of custody and child support. Appellant initially was represented by counsel, but appeared at the hearing pro se. After a court services custody evaluation, which the parties did not contest, the court awarded respondent sole physical custody on March 16, 1995. Evidence supporting the parties' positions on child support was to be submitted by affidavit no later than April 28. The order also required appellant to respond to discovery by April 15.

In an order dated May 1, the court granted respondent's motion to modify child support. The court stated that appellant had "failed to provide financial information * * * as required by this court's [March 16] order." Lacking sufficient financial information to determine appellant's income, the court based its child support order on appellant's lifestyle and some employment history. It also found appellant was "gainfully" employed. The court concluded appellant had the ability to earn at least $2,000 per month and ordered that appellant pay to respondent $600 per month child support until the youngest child reaches age 18. The court also ordered that appellant pay respondent $2,000 in attorney fees "as additional child support."

Immediately thereafter, appellant hired an attorney and moved to amend the May 1 findings and order. He claimed unemployment due to involuntary loss of his business

_____

1. The custody decision was affirmed by this court. _Gorz v. Gorz_, 428 N.W.2d 839 (Minn.App. 1988).

and asked the court to reserve child support until he became reemployed. After appellant's deposition on June 27, 1995, at which he failed to bring requested documents, respondent moved for an order holding appellant in contempt. On August 8, 1995, appellant filed another motion to modify support and filed a second affidavit disclosing that he had become employed with a net monthly income that had increased to $1,000. He agreed to pay $300 in child support.

The parties' counsel argued the child support issue on August 24, 1995, before a referee. No testimony was taken or requested. Neither party addressed the contempt motion directly during the hearing.

The referee issued findings and a "contempt order," which the district court approved on November 7, 1995. The court found that it had jurisdiction over the contempt motion, because appellant had neither objected to service nor asked for an evidentiary hearing. The court concluded that appellant's "[f]ailure to pay court ordered child support is prima facie evidence of contempt [and][t]he [appellant] has failed to rebut this presumption." Having found no substantial change in circumstances, the court denied appellant's motion to modify child support and continued appellant's child support obligation based on the imputed income finding in the May 1 order. This appeal was filed on December 11, 1995.[2]

## ISSUES

I. Did the trial court abuse its discretion in denying appellant's motion to modify child support?

II. Did the trial court have jurisdiction to hold appellant in contempt of court?

III. Did the trial court abuse its discretion in awarding attorney fees?

2. In the dissolution decree, appellant received the parties' homestead subject to a lien in favor of respondent. When appellant ceased paying child support, respondent requested that the homestead be sold and the proceeds sequestered. At oral argument, however, it was disclosed that appellant had sold the homestead after filing this appeal. That sale renders moot the appeal from

## ANALYSIS

### I. Modification of Child Support

The trial court has broad discretion in determining whether to order a modification of child support. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). It is the movant's burden to establish a substantial change in circumstances under Minn.Stat. § 518.64 (1994). *Kuronen v. Kuronen*, 499 N.W.2d 51 (Minn.App.1993), *review denied* (Minn. June 22, 1993).

Based on our review of the record, we believe appellant met his burden of showing a substantial change in circumstances since the May 1 order. According to the court's May 1 findings, appellant was gainfully employed, but his actual income was unknown. At the time of appellant's first motion, his business had failed and he was unemployed. At the time of his second motion, he was reemployed with a net income, as of July 1, 1995, of $1,000 per month. Thus, the circumstances of appellant's employment were in flux. There was a transition period from business owner to employee, which resulted in a substantial change in circumstances rendering the prior order unreasonable and unfair.

Having found no substantial change in circumstances, however, the district court continued the child support obligation based on the May 1 imputed earnings. We believe this is a misapplication of the current law on imputing income. Under Minn.Stat. § 518.551, subd. 5b(d) (1994), the court may impute income where the obligor is voluntarily unemployed or underemployed. *Id.* Under case law, income may be imputed when it is "impracticable to determine." *Beede v. Law*, 400 N.W.2d 831, 835 (Minn.App.1987). Once appellant's business failed and he became employed, there was no basis for imputing income based on voluntary unemployment or *Beede.* The record also does not

the district court's order requiring the sale. The district court's sequestration of the proceeds, pursuant to Minn.Stat. § 518.24 (1994), to secure payment of child support, is authorized by *Jensen v. Jensen*, 414 N.W.2d 742, 744 (Minn.App.1987), *review denied* (Minn. Jan. 15, 1988). Therefore, these issues are not reviewed in this appeal or addressed within this court's opinion.

support a finding of voluntary underemployment.[3] Therefore, continuing the child support obligation based on the prior imputed income finding was error. We reverse the court's ruling on substantial change in circumstances and remand for an order basing child support on appellant's current actual earnings.

## II. Jurisdiction to Order Contempt

■ The Rules of Family Court Procedure contain mandatory language requiring initiation of contempt proceedings "by an order to show cause served upon the person of the alleged contemnor." Minn. R. Gen. Pract. 309.01(a). A party may also bring a motion for contempt of court if the obligor is in arrears in paying child support. Minn.Stat. § 518.64, subd. 1 (1994) (as amended by 1993 Minn. Laws ch. 340, § 45). It is undisputed that no order to show cause was issued and no personal service was effected here. Instead, respondent moved for contempt and served the motion and supporting affidavit on appellant and his attorney.

■ Jurisdiction of the court obtains "although [defendant is] improperly served, only where the defendant has taken some affirmative step invoking the power of the court or implicitly recognizing its jurisdiction." *Peterson v. Eishen,* 512 N.W.2d 338, 340 (Minn.1994) (defendant's single contact with opposing counsel did not constitute recognition of court's jurisdiction in paternity action). The key is whether appellant had other contact with the court. *Id.*

Appellant initially invoked the court's jurisdiction over him and the child support issue by moving for modification on May 11, 1995. He then appeared and testified at his deposition on June 27, where the primary issue was child support. He continued to invoke the court's jurisdiction after respondent filed the

motion for contempt by filing another motion to modify support and by personally attending, with counsel, the August 24 hearing before the referee. Again, the primary hearing subject was child support and the contempt motion was based on his failure to pay child support. These actions constitute an "affirmative step" invoking the power of the court. The contempt motion simply arose out of appellant's actions during the prolonged proceedings.[4]

■ Ordinarily, this court would not review the basis of a conditional contempt order. *See Johnson v. Johnson,* 439 N.W.2d 430, 431 (Minn.App.1989) (conditional contempt order not final, appealable order). In the interests of justice, however, we review this contempt order. Minn. R. Civ.App. P. 103.04. To justify a conditional contempt order, the court must determine that the obligor had the ability to pay the obligations as they came due. *Mahady v. Mahady,* 448 N.W.2d 888, 891 (Minn.App.1989) (citing *Tell v. Tell,* 383 N.W.2d 678, 684 (Minn.1986)). The purge conditions, similarly, must be set considering the obligor's "then-current" ability to meet them. Here, appellant demonstrated that he was involuntarily unemployed and underemployed, contrary to his circumstances under the previous order. The trial court, however, did not consider the unemployment or underemployment in determining appellant's ability to pay or in setting the purge conditions. We, therefore, reverse the contempt order.

## II. Attorney Fees

The district court awarded attorney fees to respondent because appellant's motion was "without merit, frivolous and contributes unnecessarily to the proceedings." Having found merit in appellant's arguments, we re-

---

**3.** Had there been a basis for imputing income, the court would also have to consider appellant's estimated earning ability * * * based on [his] prior earnings history, education, and job skills, and on availability of jobs within the community for an individual with [his] qualifications.
  Minn.Stat. § 518.551, subd. 5b(d) (1994). The district court did not support its estimate of appellant's earning ability on these facts. It is unclear whether the court relied on evidence of

income appellant derived from Illinois business trips. To the extent that the district court relied on sporadic and temporary income from an Illinois employer, however, the evidence was insufficient under the imputed income statute, which allows evidence of "availability of jobs *within* the community." *Id.* (emphasis added).

**4.** Prior to this appeal, appellant objected neither to service nor the court's jurisdiction.

verse the $1,000 award. We see no need to disturb the court's judgments of $2,100 and $2,000 for unpaid child support and unpaid attorney fees under the prior order.

## DECISION

We reverse the trial court's decision that there was no substantial change of circumstances. Consequently, we remand for modification of appellant's child support obligation. Although the court had jurisdiction to order contempt, we reverse the contempt order because it was not based on appellant's then-current ability to pay. Finally, we reverse the $1,000 attorney fee award, but affirm the judgments of $2,100 and $2,000.

**Affirmed in part and reversed in part.**