*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0888**

In re the Marriage of: Kathleen M. Johnson, petitioner,
Respondent,

vs.

Jeffrey C. Johnson,
Appellant.

**Filed January 17, 2017
Affirmed
Larkin, Judge**

Washington County District Court
File No. 82-FA-10-6795

Paul A. Jeddeloh, Anthony J. Weigel, Jeddeloh & Snyder, P.A., St. Cloud, Minnesota (for respondent)

Jeffrey K. Priest, Richard D. Crabb, Priest Law Firm, Ltd., Eagan, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Peterson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant-husband challenges the district court's refusal to terminate his monthly spousal-maintenance obligation. Because the district court did not abuse its discretion by

significantly reducing, instead of terminating, husband's obligation, or by ordering a lower arrears payment than husband requested, we affirm.

## FACTS

In October 2010, respondent Kathleen M. Johnson (wife) petitioned for dissolution of her marriage to appellant Jeffrey C. Johnson (husband). On June 24, 2011, the district court ordered husband to pay $5,000 per month in temporary spousal maintenance. In November 2011, after a three-day trial, the district court dissolved the parties' marriage. The district court found that husband earned an average annual gross income of $148,502 working as an investigator for a law firm. The district court ordered husband to pay wife $5,500 per month in permanent spousal maintenance commencing on "December 1, 2011, . . . and continuing until sixty days after [wife] obtains full-time employment at $10.00 per hour or more, or until August 1, 2012, whichever occurs later, at which time [husband's] spousal maintenance obligation shall be reduced to $4,200.00 per month." The district court also ordered husband to pay wife $12,000 for her attorney fees and $10,250 toward his spousal-maintenance arrears.

On January 11, 2012, the district court entered judgment of $10,250 against husband for his spousal-maintenance arrears. On February 27, husband moved the district court to reduce his spousal-maintenance obligation. The district court denied his motion. On April 6, the district court entered judgment of $9,500 against husband for wife's outstanding attorney fees.

In June 2015, wife moved the district court to hold husband in contempt, alleging that he had not complied with the terms of the dissolution decree. In July, husband moved

2

the district court to terminate or modify his spousal-maintenance obligation and to set his arrears payments at $200 per month.

In January 2016, the district court held an evidentiary hearing on the parties' motions. The judge who presided at the hearing was the same judge who had presided at the parties' marriage-dissolution trial and who had decided husband's prior motion to terminate spousal maintenance. The evidence showed that since the dissolution, husband's employer had a change in ownership. The new owner testified that he offered husband an initial salary of $2,000 per month because he was uncertain regarding the financial condition of the business. Husband testified that he had not searched for other employment and that he was "hoping that this works out." Husband also testified that he remarried and lives in his current spouse's house, which she owns. Husband testified that as a result of his current spouse's income, he can afford his basic monthly living expenses. Husband's current spouse did not testify. Husband submitted an exhibit showing that in 2015, he paid wife nine monthly payments of $750 in spousal maintenance.

The district court found that husband's "income has substantially decreased" and that he "has significant spousal maintenance arrears of approximately $154,050." The district court further found that wife's gross and net income "exceeds [husband's] gross and net income" and that husband's "current income does not cover his basic living expenses." However, the district court also found that husband "has the ability to pay spousal maintenance in the amount of $750.00 per month, given his current income and living expenses." The district court concluded that husband "demonstrated a substantial change in circumstances rendering the present spousal maintenance obligation

3

unreasonable and unfair" and that "[a] modification of spousal maintenance is appropriate considering the respective economic circumstances of the parties." The district court continued husband's spousal-maintenance obligation but reduced it from $4,200 to $750 per month. The district court also ordered husband to pay $150 per month toward his spousal-maintenance arrears, instead of $200 as husband had requested. Husband appeals.

## D E C I S I O N

Husband contends that the district court "improperly applied the spousal maintenance statute and the applicable case law by requiring [him] to continue to pay spousal maintenance in a modified amount, instead of reserving or terminating his ongoing spousal maintenance obligation."

In a proceeding for dissolution of a marriage, the district court may order maintenance for either spouse if it finds that the spouse seeking maintenance "lacks sufficient property . . . to provide for reasonable needs of the spouse considering the standard of living established during the marriage" or "is unable to provide adequate self-support, after considering the standard of living established during the marriage and all relevant circumstances." Minn. Stat. § 518.552, subd. 1 (2014). "After the district court issues a spousal-maintenance award, it has broad discretion to determine whether to later modify that award." *Youker v. Youker*, 661 N.W.2d 266, 269 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003). The party seeking modification of a spousal-maintenance order must show a substantial change of circumstances. Minn. Stat. § 518A.39, subd. 2 (Supp. 2015); *Gorz v. Gorz*, 552 N.W.2d 566, 569 (Minn. App. 1996). The moving party

4

must also demonstrate that the changed circumstances "render the original award unreasonable and unfair." *Youker*, 661 N.W.2d at 269.

Appellate courts do not alter maintenance awards "unless the district court abused its wide discretion." *Id.* A district court abuses its discretion if it "resolve[s] the question in a manner that is against logic and the facts on record." *Prahl v. Prahl*, 627 N.W.2d 698, 702 (Minn. App. 2001) (quotation omitted). This court will not set aside a district court's findings unless they are clearly erroneous. *Youker*, 661 N.W.2d at 269.

Husband argues that "[i]t is an abuse of discretion to order [him] to pay Wife spousal maintenance after specifically finding that Wife's income exceeds [his] and that [his] current income does not cover his basic living expenses."

The district court found that wife has a net monthly income of $1,867.20. Although the district court did not specifically determine the amount of wife's current monthly expenses, it found that wife claimed monthly living expenses of $3,542.99 at the January 2016 evidentiary hearing. But the district court also found that wife claimed monthly living expenses of $2,737 in a January 2016 bankruptcy petition. Even if wife's monthly expenses are the lower amount of $2,737, the district court's findings establish that wife has a monthly shortfall of $869.80. Wife therefore still has a financial need for spousal maintenance.

In addition, the district court found that husband is capable of making monthly spousal-maintenance payments of $750 despite his current financial circumstances. This finding is supported by husband's exhibit detailing his payment history, which showed nine

monthly payments of $750 in 2015.  It is also supported by husband's testimony that he is able to meet his own monthly living expenses.

In sum, the district court's order is consistent with the alternative relief that husband sought: termination or reduction of his monthly spousal-maintenance obligation.  It is also consistent with husband's request for a monthly arrears payment of $200.  The district court reduced husband's spousal-maintenance payment by 82% and set his arrears payment 25% lower than he requested.  Because husband's evidence supported this outcome, we do not discern an abuse of discretion justifying reversal.

**Affirmed.**